## HARPER v. HOWARD.

1. When a motion is made, in the mode provided by statute, against a justice of the peace, for a refusal to pay over money collected by him, in his official capacity, he will not be permitted to set-off costs due to him in other cases, for the payment of which the plaintiff may be liable.

Writ of error to the Circuit Court of Tallapoosa county.

Appeal from a Justice's Court, before which the plaintiff, in a motion made pursuant to the statute, obtained judgment for twelve dollars. In the Circuit Court it appeared that the plaintiff placed several notes and accounts with the defendant, as a justice of the peace, for collection. All were sued; on some the money was collected, and on others the executions were returned *nulla bona*. The costs on the latter exceeded the sum collected, and refused to be paid over, it being retained in payment of the costs of the other cases. On this state of facts, the Circuit Court gave judgment for the defendant; to reverse which the plaintiff prosecutes this writ of error.

THO's CLAY, for plaintiff in error.
HEYDENFELDT, contra.

GOLDTHWAITE, J.—This proceeding is not governed by the rules which might prevail in the ordinary action for money had and received, in which it is probable that the defendant's right to set off his demand, could not be refused.

The statutory remedy, by motion, is to be governed by the same principles as control motions against other public officers. The claim of a sheriff, or of the clerk of a Court, to off-set his private demand against money collected by him, or coming to his hands in his public capacity, would be disallowed without scruple, when the extraordinary powers of a Court were invoked to compel a payment; and we conceive a justice of the peace stands in precisely the same relation to the suitor before him. No public officer ought ever to be permitted to commingle his private claims with his official duties. In this case, the

fees for which the plaintiff is liable, had no immediate connexion with the money retained by the defendant; they constituted nothing more than an ordinary debt, and if a set-off was now allowed, there is no reason why the same right would not extend to any other indebtedness.

Let the judgment be reversed, and the cause remanded.