## SAWYER v. BRADFORD, ASSIGNEE.

1. A direction by the plaintiff to the sheriff to stay proceedings upon an execution against the principal debtor, without consideration, does not release the surety from the payment of the debt.
2. When a judgment is obtained upon an assigned note, the note has lost its negotiable quality, and cannot again be assigned, so as to enable the assignee to sue in his own name.

ERROR to the Circuit Court of Shelby.

Assumpsit in the court below, by the defendant in error, as assignee of a promissory note made by one Drury Sawyer, and the plaintiff in error as his surety, payable to one Robert C. Wilson. The declaration is in the usual form on the note.

The defendant pleaded, 1. Non-assumpsist. 2. Payment.— 3. That one John Patterson, as assignee of Wilson, the payee in the note, at the July term, 1839, of Talladega county court, recovered a judgment on the promissory note now sued on, against D. Sawyer—that the defendant was merely the surety of D. Sawyer, and that after the rendition of the judgment against him, and whilst it was in full force and effect, and an execution which issued thereon, was in the hands of the sheriff, the plaintiff who had the entire interest in the judgment, caused and directed the execution to be stayed, whereby the sheriff was hindered and prevented from making the money on said execution, and avers that, but for the interference of the plaintiff in staying the execution, the money could and would have been made by the sheriff, &c.

4. That the promissory note now sued on, was on the — day of May, 1838, assigned by Wilson, the payee to one John Paterson, who as such assignee, at the July term, 1839, of the county court of Talladega, recovered a judgment against D. Sawyer, the principal in the note, and that said judgment remains in full force, not reversed, &c.—wherefore, &c.

The plaintiff demurred to the third and fourth pleas, and his demurrer was sustained.

Upon the trial on the issues of fact, the defendant offered evi-

dence of the facts stated in the third and fourth pleas, which on motion, the court excluded, and to which he excepted.

The assignments of error are, that the court erred in sustaining the demurrer to the pleas, and in rejecting the evidence offered by the defendant.

PECK & CLARKE, for plaintiff in error—contended, 1. That as the plaintiff in error was a mere surety, the staying of the execution and preventing the sheriff from making the money of the principal in the note, as stated in the third plea, discharged the surety from all responsibility. [3 Ala. Rep. 339; 9 Dana, 22.]

2. That the note having been regularly assigned to Patterson, and judgment recovered thereon by him, its negotiable quality became extinct, and that no suit could afterwards be maintained thereon in the name of the defendant in error. [4 Ala. Reports, 282.]

BOWDON, for defendant in error. The third plea is bad, because it does not aver that any *liens* were discharged, or that any notice, written or verbal, was given to the principal by the surety, to proceed and make the money, nor that Bradford entered into an agreement, on sufficient consideration, with the principal debtor for a stay of execution. Mere delay is not of itself sufficient to discharge the surety. [3 Stewart, 9; 12 Wheaton, 554; 3 Ala. 335; 15 Johns. 433; 17 id. 176; 8 Pick. 458; 1 Mumford, 269.]

The 4th plea merely questions the assignment set out in the declaration, and not being sworn to as the statute requires, is bad.

The evidence was properly excluded, if for no other reason, because it was inadmissable under the general issue.

ORMOND, J.—The same questions are presented upon the demurrer to the pleas, and upon the bill of exceptions; we shall, therefore, decide upon the legal effect of the facts, without reference to the frame of the pleas.

The facts set out in the third plea, constitute no defence to the action. The direction to the sheriff to stay the execution, was without consideration, and might have been countermanded at any time. It did not, therefore, interpose any obstacle to the

payment of the debt by the surety, when he could have proceeded against his principal.

We understand the defence set up in the fourth plea to be, that after a judgment by Patterson as assignee of Wilson, the payee, against D. Sawyer, the principal, the note was assigned by Wilson to the defendant in error, who again put the note in suit against the plaintiff in error, the other party to the note not sued in the first action. In Brown v. Foster, [7 Ala. 284,] we held, that by the judgment in favor of the first assignee, the note had lost its negotiable quality, and could not be again transferred, so as to enable the transferee to sue in his own name. That decision is decisive of the present case, and the judgment must, therefore, be reversed, and the cause will be remanded, if desired.