## ROYSTON, Adm'r, v. HOWIE, use, &c.

1. A direction by the plaintiff to the sheriff, without consideration, to stay proceedings on an execution against the principal debtor, does not discharge the surety from the payment of the debt.
2. The creditor is not estopped from showing the truth of the matter, because he may, under a mistaken view of his legal rights, have said that the arrangement made with the principal had discharged the surety.

Error to the Circuit Court of Perry. Before the Hon. John D. Phelan.

THIS was an action brought by the defendant against the plaintiff in error, as administrator of Charles Sibley, deceased, on a note made by said Sibley, in his lifetime. The said administrator plead as a set off, a judgment of the circuit court of Dallas, in favor of his intestate, against one Brooks, and the said Howie. From a bill of exceptions found in the record, it appears that the plaintiff in error, to sustain his said plea, introduced in evidence on the trial, a record of the said judgment, rendered on the 26th October, 1845. The defendant in error, who was the plaintiff below, then offered a witness, who testified that said Sibley, in his life time, had informed him, that said Howie was but the surety of said Brooks on the cause of action on which said judgment was founded ; that, after execution had issued on said judgment said Brooks paid to him $200 on it, and that he had thereupon instructed the sheriff to return said execution to the court whence it issued. The same witness further testified, that said Sibley informed him, that he should lose the balance of his money, that said Brooks had left the county, and that he had lost his right to recover it from Howie, the surety, in consequence of his having granted indulgence to said Brooks, the principal debtor. It was further proved, that said Brooks, before he left the country, had property, out of which the sheriff could have made the money, if the execution had not been staid by said Sibley.

There was no proof of fraud or collusion between Brooks and Sibley. The court charged the jury, that if they should find the facts above stated to be true, the said Howie, the surety, was discharged from all liability on said judgment, and the set off of defendant should not be allowed. To this charge, the defendant, Royston, excepted, and it is now assigned as error.

I. W. GARROTT, for plaintiff in error.

The following authorities establish the position, that on the facts shown the surety was not discharged. Sawyer v. Bradford, 6 Ala. 572; Agee v. Steele, 8 Ala. 948 ; Armistead v. Thomas, 9 Ib. 586, 589 ; Gilder v. Jeter, 11 Ib. 256 ; Sawyer's adm'r v. Patterson, Ib. 523.

As to payment of part of the debt being no consideration

which would bind the creditor, see Reynolds v. Ward, 5 Wend. 501, 505; 4 U. S. Dig. 500, 228, 236.

JOHN, contra.

Any neglect of the creditor, occasioning the loss of securities, to the benefit of which the security was entitled, will *pro tanto*, discharge the security. Chichester v. Mason, 7 Leigh, 259; Theobold on Prin. & Sur. 1 Law. Lib. 87; McCollum v. Kinkley, 9 Vt. 143; Bank Man. v. Boollett et al. 13 Ib. 315.

CHILTON, J.—The precise point involved in this case was decided by this court, in Bradford and Sawyer, 6 Ala. Rep. 572, where the court held the security was not discharged by an arrangement between the execution creditor and principal debtor, similar to the one here complained of. See also, Agee v. Steele, 8 Ala. Rep. 948; Armistead v. Thomas, 9 Ib. 586; Gilder v. Jeter, 11 Ib. 256, and The Bank v. Godden et al. at this term. That the creditor, under a mistaken view of his legal rights said he had discharged the sureties by the arrangement, cannot estop him from showing the truth of the matter, and from availing himself of their liability to satisfy his demand.

Let the judgment be reversed, and the cause remanded.