## ERWIN, MYERS & CO. *vs.* CROWELL.

1. The rule that this court will not reverse in favor of the plaintiff below, when it is apparent from all the facts that he is not entitled to recover, does not apply to a case in which by the erroneous ruling of the court he has been compelled to take a nonsuit before concluding the proof which he might have introduced.

Error to the County Court of Pickens.

ASSUMPSIT on a promissory note payable in bank, made by William Castlers in favor of the defendant in error, by him endorsed to one Turner, and by said Turner to the plaintiffs. By the bill of exceptions it appears that the plaintiffs introduced and read to the jury the note and a notarial protest thereof, and then offered the deposition of said Turner to prove notice of nonpayment to the defendant, and in which deposition the witness

Erwin, Myers & Co. v. Crowell.

swore that he never had any interest in said note and was not interested in the event of the suit. The plaintiffs also, to show his competency, produced a release executed by them before the examination, &c. The defendant thereupon offered to the court the record of a recovery on the note now in suit by said Turner against the maker of the note, and insisted that the release, taken in connection with this record, was sufficient to destroy the witness' competency, of which opinion was the court, and the deposition was consequently excluded, whereupon the plaintiffs took a nonsuit and now assign the ruling of the court as error.

J. L. MARTIN, for the plaintiffs.

HUNTINGTON, for the defendant.

CHILTON, J.—The witness Turner was no party to this suit, and swears that he is not either directly or indirectly interested in the result of it. Besides, if he had an interest, that interest was fully released before deposing, so that it is clear that the court below erred in rejecting his deposition on the ground of interest. This is conceded by the counsel for the defendant in error; but he contends that although the court committed an error in excluding the deposition for the reason assigned, still it was an error which works no injury to the plaintiffs, since, as he insists, the facts of the case set out in the bill of exceptions show that the plaintiffs are not entitled to recover.

The bill of exceptions shows that after the plaintiffs had introduced and read to the court the release which had been executed to the witness, the defendant, in order to prove that the witness was interested, produced and read to the court the record of a recovery by the witness against the maker of the note upon which the defendant is now sued as the first endorser. Now it is insisted that although this recovery does not show that the witness is interested, it does show that the plaintiffs have no right to declare upon an endorsement made by the witness to them, which must be considered as stricken out by the witness' recovery, the endorsement having been made by the witness anterior to his putting the claim in suit in his own name. This position, however correct it may be, assuming the facts set out

in the bill of exceptions to be all the proof which will eventually be made in the cause, cannot avail the defendant in the present posture of the case. This judgment, for aught we know, may be wholly inoperative—it may have been fraudulently obtained, and these facts the plaintiff was not bound to show, for as soon as his proof was improperly excluded, and he found that he could not successfully proceed in the absence of the rejected proof, he suffered a nonsuit, saving an exception to the ruling of the court, which nonsuit he now seeks to set aside. Whether he can recover when all the proof he can adduce shall have been made, is a question which can only be determined after he shall have had an opportunity of bringing it forward—one which we have no right to anticipate, and upon which, of course, we express no opinion. . Upon the argument of this cause, under the mistaken impression that the evidence of the judgment in favor of the witness had been adduced by the plaintiff himself, I refered the counsel to Sawyer v. Bradford, 6 Ala. Rep. 572, citing Brown v. Foster, 3 Ala. Rep. 284. But the evidence was offered by the defendant, not as applicable to the issue in the cause, but to the court as showing ground for the exclusion of a deposition. It is too clear to admit of argument, that the case does not fall within the rule which requires that this court should not reverse when the case made by the party seeking such reversal shows that he is not entitled to recover.—Jackson v. Gwin, 9 Ala. Rep. 114; Pinkston v. Greene & Wife, ib. 19.

Let the nonsuit be set aside, and the cause remanded for further proceedings.