## Summerhill *et al.* *v.* Tapp.

*Bill in Equity to enjoin Judgment at Law.*

1. *Suretyship ; what does not create presumption of.* — The order in which the makers sign a promissory note, of itself raises no presumption of the relation of principal and surety between them ; as between themselves, this may be shown by parol, but not to the prejudice of a stranger unless he had notice.

2. *Surety ; what will not discharge.* — Mere passiveness or delay on the part of the creditor, in the absence of any direction to proceed, to enforce his legal remedies — *e. g.,* as where, before levy, he suspends execution — will not discharge the surety.

APPEAL from Chancery Court of Lauderdale.
Heard before Hon. R. L. WATKINS.
The facts are sufficiently stated in the opinion.

KEYES & JONES, for appellant.

McFARLAND, *contra.*

BRICKELL, C. J. — The equity of the bill, if it presents a case for equitable interference, rests on two facts, viz ; that the complainant, Horace Summerhill, was the surety of Ira Arnold, on the note which is the foundation of the judgment sought to be enjoined ; and that the respondent Tapp, the plaintiff in the judgment, stayed, without the consent of the surety, an execution which had been levied on property of the principal, of sufficient value to satisfy it, and that the principal has since become insolvent. The bill distinctly avers the suretyship, and the answer as positively denies it. The *onus* of proving the fact was therefore cast on the complainants. The evidence does not support the bill. The complainant Horace, in his deposition, affirms the fact, but the respondent denies it in his evidence, and avers he received the note from Summerhill, and advanced him the money for it, having no negotiation or transaction with Arnold. If there is evidence that Arnold's name was first in the order of signatures to the note, it is slight, and if the fact was expressly proved, the presumption of suretyship

| 52 | 227 |
| 95 | 388 |

| 52 | 227 |
| 108 | 910 |

| 52 | 227 |
| 117 | 294 |

| 52 | 227 |
| 120 | 237 |

| 52 | 227 |
| 125 | 520 |

| 52 | 227 |
| 127 | 594 |

| 52 | 227 |
| 182 | 185 |

would not arise. All who sign a promissory note, joint, or joint and several on its face, are esteemed joint, or joint and several promissors, unless the note expresses that they bear another relation. Chitty on Bills, 529. Parol evidence is admissible in such case to show their true relation. *Br. Bank Mobile* v. *James*, 9 Ala. 949. This parol evidence must establish that by an agreement between the parties, when the note was made, some other relation between the makers than that which the law imputes to the form and terms of the note, was understood. If a stranger to the note is to be affected by the agreement he must have had notice of it.

The evidence fails to establish the other fact essential to the relief sought, that there was by the plaintiff in the execution, a suspension of it, to the prejudice of the surety. Mere passiveness on the part of a creditor, a mere failure to prosecute legal remedies, will not operate to discharge a surety. The creditor is not bound to active diligence, except at the request of the surety. The suspension of execution, if any is proved in the case, was prior to the levy. It has been several times decided by this court, that a direction by the creditor to suspend proceedings on an execution against the principal debtor, does not discharge the surety, no levy having been made. *Wilson* v. *Bank of Orleans*, 9 Ala. 847; *Hetherington* v. *Br. Bank Mobile*, 14 Ala. 68; *Royston* v. *Howie*, 15 Ala. 309; *Sawyer* v. *Bradford*, 6 Ala. 572; *State Bank* v. *Edwards*, 20 Ala. 512.

The chancellor correctly dismissed the bill, and his decree must be affirmed.