[Continental Bank of Memphis v. Clarke.]

# Continental Bank of Memphis v. Clarke.

*Action on a Promissory Note.*

1. *Note by husband and wife; void as to wife if she is surety for her husband.*—Where a bank is informed by a broker that a loan is wanted on an obligation of a certain person as drawer, with his wife as indorser, and the loan is made on such proposition, the bank has notice that the wife is a mere surety; and where she took no part in the transaction other than to sign her name as indorser, and received none of the money, but it was all paid to the husband, the bank can not enforce the debt against his wife, the obligation being void under the provisions of the statute (Code of 1886, § 2349, Code of 1896, § 2529) prohibiting the wife from becoming surety for her husband.

2. *Same; same; renewal of note.*—In such a case the fact that the original note was renewed, and that the wife signed the renewal as a maker instead of an indorser, does not alter the original transaction or change the relationship of the parties, so as to render the wife liable.

3. *Pleading and practice; amendment of complaint does not render it necessary to refile plea.*—Where, in an action brought against a wife alone, on a note executed by her and her husband, the wife pleads coverture, an amendment of the complaint by merely adding the name of the husband as a defendant, does not show any other or different liability against her than that made by the original complaint, and it is not necessary to refile the plea of coverture to entitle it to be considered. If the case was tried throughout without objection upon the issue of the plea of coverture, the plaintiff can not afterwards complain of the failure to refile the plea after the amendment of the complaint.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

E. K. CAMPBELL, for appellant.—1. The special plea did not apply to the complaint as amended, and the general issue only applied to the third count.—*L. & N. R. R. Co. v. Woods,* 105 Ala. 561; *Steed v. Knowles,* 97 Ala. 577; *Odum v. Rutledge,* 94 Ala. 489; *Gadsden Land & Imp. Co. v. First Nat. B'k.,* 96 Ala. 618.

2. The defendant could not get advantage of facts not pleaded when a special plea was necessary.

1 Chit. on Plead. (16th ed.), pp. 504-508; *Marion v. Regenstein*, 98 Ala. 478; *Reed Lumber Co. v. Lewis*, 94 Ala. 626.

WALKER, PORTER & WALKER, *contra.*—The evidence clearly shows that the defendant, Susie E. Clarke, was a surety for her husband. The note was, therefore, void as to her.—Code of 1886, § 2349. The case was tried throughout upon issue made by the plea of coverture. The plaintiff, therefore, could not complain of the defendant's not refiling the plea of coverture after the complaint was amended.—*R. & D. R. R. Co. v. Farmer*, 97 Ala. 141.

COLEMAN, J.—This action was instituted by appellant against the defendants upon their joint promissory note, negotiable and payable at the Continental National Bank of Memphis, Tenn., and was tried by the court without the intervention of a jury. The defendants are man and wife, residents of Birmingham, Ala., and the note sued upon was executed by the wife by and with the written consent of the husband. The facts which give rise to the present litigation may be stated substantially as follows : On the 9th of February, 1891, W. B. Leedy, a broker of Birmingham, addressed the following letter to the plaintiff : "Wanted a loan of $4,000 for six months [naming collaterals]. Drawer Peete B. Clarke, endorser Susie Mudd Clarke, his wife, both considered wealthy in their own names," etc. The plaintiff made inquiry as to the personal standing of the parties and collateral proffered, and notified the broker, that it would accept the proposition and make the loan. The broker then drew up a negotiable commercial note for four thousand dollars, payable to Susie M. Clarke, and handed the same to the husband, who subsequently returned the note to him signed by himself payable to and endorsed by Susie M. Clarke, with the collaterals attached. Leedy took his note to a bank in Birmingham and drew a check on the plaintiff bank for the amount less the discount, payable to P. B. Clarke, with the note and collaterals attached to the check. The Birmingham bank cashed the check to P. B. Clarke and notified the plaintiff bank to remit the amount to the correspondent bank of the Birmingham bank in New

York, which was done, and the note and collaterals were remitted to plaintiff. The note was not paid at maturity, and after some negotiations had with Susie M. Clarke, the original note signed by P. B. Clarke and endorsed by Susie M. Clarke, was taken up and the debt extended and a new note executed by Susie M. Clarke and P. B. Clarke directly to plaintiff, and also a mortgage upon her real estate. There was a further extension and renewal note executed by the wife with the consent of the husband, and by the husband; the one now sued upon.

The defendant Susie M. Clarke pleaded the general issue, and also a special plea of coverture, setting up the fact, that the money evidenced by said note, was borrowed by said P. B. Clarke, her husband, and that she signed said note as surety for said P. B. Clarke, her said husband.

Although it may not be permissible to show that the relation of a party to an obligation is that of a surety as against an innocent person, this rule does not exist as between the parties themselves, or a party with notice.—*Summerhill v. Tapp*, 52 Ala. 227. The testimony shows without conflict, that Susie M. Clarke, the wife, took no part in the transaction to effect the loan, other than to sign her name as endorser at the request of the husband; that she never received a dollar of the money, and had no knowledge of its disposition. The testimony shows that the plaintiff paid the money to the husband, P. B. Clarke, upon the draft drawn in his favor by Leedy the broker. This is the legal effect of the payment of the money upon Leedy's draft. The plaintiff had been informed that a loan was desired upon the obligation of P. B. Clarke as drawer and the wife Susie M. Clarke as endorser, and the loan was made upon this proposition. As between the husband and wife, there is no doubt but that the wife was a mere surety, and upon all the facts of the case, the plaintiff is chargeable with notice that she was a mere accommodation endorser, and in paying the money to the husband treated her as such. Code of 1886, section 2349, provides that "The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts by and be-

[Chattanooga Foundry & Pipe Works v. Hembree. *et al.*, and Hembree, *et al.* v. Chattanooga Foundry & Pipe Works.]

tween persons standing in confidential relations ; but the wife shall not, directly or indirectly, become the surety for the husband.''

The subsequent renewals of the note did not alter the original transaction, or change the relationship of the parties to the note.

It is contended that the plea of coverture was not refiled to the complaint after it was amended, and therefore cannot be considered. The amendment made by merely adding the name of the husband as a defendant, did not show any other or different liability against her than that made by the original complaint. But it is sufficient to say that the record shows that the cause was tried throughout on the issue of the plea of coverture by both parties and without objection.—*R. & D. R. R. Co. v. Farmer*, 97 Ala. 141.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.