BRUMGARD *vs.* ANDERSON.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF MADI-
SON, JUDGE DAVIS PRESIDING.

The defendant disproved the facts stated in the affidavit for the attachment,
so far as to throw the burden of proof of their verity on the plaintiff;
and this not being shown by disinterested witnesses, the attachment was
dissolved.

Where witnesses declare on their *voir dire*, that they are and believe them-
selves interested in the event of the suit, they are incompetent to testify.

This is an action against the defendant, as one of several obligors in a promissory note of five thousand four hundred and twenty-eight dollars and sixty-five cents, alleged to be liable *in solido.* The suit commenced by attachment. The note was executed in Vicksburg, and the attachment sued out in the parish of Madison, in this state. It issued on the allegation that the defendant was about to leave the state permanently and forever, without leaving in it sufficient property to pay the plaintiff's demand.

The defendant, before answering to the merits, filed a motion to dissolve and set aside the attachment on several grounds.

1. That the allegations and oath were false, as he had no intention of leaving the state.

2. The seizure was illegal and irregular, because no inventory of the articles and property seized are annexed to the sheriff's return ; and that the order granting the attachment is not in conformity to law.

3. That writs of attachment and arrest have both been taken out by the plaintiff, without showing he was entitled to both remedies.

4. That the seizure under the attachment is excessive, by taking more property than was required or necessary, and at a time when defendant was gathering his crop to his great damage.

There was a mass of testimony taken to disprove the allegations and affidavit on which the attachment was issued. The judge was of opinion that they were disproved, and dissolved the attachment. The plaintiff appealed.

*Selby*, for plaintiff and appellant.

*Bemiss*, for the defendant.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment dissolving and setting aside an attachment, sued out against the property of defendant, independent of an order of arrest against his person. This case has been submitted to the court without argument. Of the several grounds taken by the defendant, the court below has rested the decision complained of mainly on the first, which presented a question of fact; to wit, " that the allegations, on which the order for said attachment was obtained, are false; that the defendant, at the time of said attachment or before, or since, had no intention of leaving the state permanently or forever; that the plaintiff had no just ground upon which to base his affidavit and prayer for said attachment; but that this proceeding was resorted to with the intention of vexing and harassing this defendant." The record presents a mass of testimony in relation to divers circumstances, tending to negative the idea that the defendant had any intention of leaving the state. After an attentive examination of the whole evidence before us, we concur in opinion with the judge below, that the facts set forth in the plaintiff's affidavit have been disproved, or at least that there has been on the part of defendant, a sufficient showing

WESTERN DIST.
October, 1840.

BRUMGARD
vs.
ANDERSON.

in opposition to the affidavit, to throw on the plaintiff the burden of proving its verity. This he has attempted to do, by two witnesses; the rejection of whom by the court, on the score of interest, has been the occasion of two bills of exceptions which are to be found in the record. It appears that both witnesses, when examined on their *voir dire*, declared that they were, and believed themselves to be interested in the suit. This surely rendered them incompetent to testify. But the plaintiff offered to prove that one of the two witnesses rejected, John M. Perry, was not interested. We think that the judge did not err in refusing to admit this testimony. John M. Perry disclosed the grounds of his belief: He states that a part of the property attached was sold by him to his son, L. P. Perry, (one of defendant's vendors) for the purpose of securing the payment of certain debts, for which he (witness) was and still is responsible; and that his son has assumed the payment of those debts. That, as the agent of his son, he has taken an attachment against the same property in the hands of the defendant; and that the writ has issued upon his own affidavit, as agent of his son. These facts, independent of the witnesses' belief, would have sufficed, perhaps, to exclude his testimony; but when coupled with the declaration made by the witness, that he believed himself interested, they fully justify the decision of the judge *a quo*. Under this view of the case, we have not found it necessary to inquire into the alleged irregularities which form the other grounds urged below, by the defendant, to set aside the attachment.

Where witnesses declare on their *voir dire* that they are and believe themselves interested in the want of the suit, they are incompetent to testify.

It is, therefore, ordered, that the judgment appealed from be affirmed, with costs.