THE NEW ORLEANS CANAL AND BANKING COMPANY *v.* NATHAN
F. COMLY.

Where property has been attached, on an affidavit that the defendant had left the
State with the intention of never returning, his subsequent return will not alone
be sufficient to dissolve the writ, where circumstances render it probable that his
original intention was not to return; otherwise, where nothing suspicious ex-
isted, or where an intention to return was proved.

On a rule to show cause why an order of arrest should not be dissolved, in a case in
which property had been previously attached, proof of the insufficiency of the
property attached will not be on the plaintiff, where its sufficiency was not made
a ground of the rule to quash the arrest.

THE plaintiffs have appealed from a judgment of the District
Court of the First District, *Buchanan*, J., setting aside a writ of
attachment; and the defendant is appellant from a judgment,
maintaining a writ of arrest.

*F. B. Conrad*, for the plaintiffs, contended that the court below
erred in setting aside the attachment, citing *Grainer* v. *Devlin*, 1
La. 169; and decided correctly in sustaining the arrest. 7 Martin
N. S. 525.

*Soulé* and *M'Henry*, for the defendant.

MARTIN, J. The plaintiffs are appellants from a judgment dis-
missing an attachment of the defendant's property, and appellees
from one discharging a rule which the defendant had obtained,
calling on them to show cause why he should not be relieved from
the arrest of his person. The attachment was obtained on the
usual affidavit, that the defendant had 'departed from the State,.
never to return;' and the first judge has considered his return
since, as conclusive evidence of his intention to return when he
departed; at least he has presented it to us as such in his judg-
ment. It is true that the defendant has shown that he has been a
resident of the city for about five years, and carried on business as
a merchant; that during that time he has been in the habit of ab-
senting himself every year during the sickly season, leaving an
agent, or clerk to attend to his business. We feel no hesitation in
saying, that if no suspicious circumstances existed, we should
concur in the opinion of the first judge in dissolving the attach-
ment; but the case of the defendant is that of a person charged
with having, with the aid of one of the tellers of the bank, ac-

tually defrauded it of a sum of upwards of sixty thousand dollars, a circumstance which, in our opinion, removes every suspicion of an intended deviation from the truth in the president of the bank, who made the affidavit required by law. Notwithstanding this, if the defendant had made his intention to return evident, he would be entitled to relief; but the consequences he had to apprehend from the gross fraud he is charged with having committed on the bank, rendered his intention to avoid them by flight so probable, that the mere circumstance of his return does not totally destroy the presumption. Men often do that which they once intended not to do. By sustaining the attachment, the bank may possibly obtain a portion of the large sum of which they have been defrauded; by discharging it, the defendant will be enabled to defeat the ends of justice, so far as he is concerned. It appears to us that the rule ought to have been discharged. The object of the second rule was the relief of the defendant from the arrest of his person, obtained on a suggestion, supported by an affidavit, that the property attached was insufficient to secure the debt due to the bank, and that the defendant was about to depart permanently from the State, without leaving property. The defendant resists the plaintiffs' attempt on the grounds : 1st, that the allegations in the affidavit are untrue ; 2d, that the object of the plaintiffs was to harass the defendant.

On the first ground, the judge informs us that the allegations are attempted to be disproved by the late return of the defendant to this State, and his forbearance to avoid his arrest after he had notice that an order had been issued therefor. To this, he has in our opinion, very correctly given no weight, and has considered the allegations of the parties supported by the following circumstances, to wit: that it is not shown that the defendant has any business which will require his continued residence here, nor that he has any other property with him. Lastly, the defendant's counsel urged that the plaintiffs ought to have shown the insufficiency of the property attached to discharge the debt. He relies on the case of *Ferguson* v. *Foster*, 7 Martin N. S., 521. The District Court correctly concluded, under the authority of that case, that as the defendant had not put the plaintiffs upon the proof, by making the previous attachment of sufficient property, a ground of

the rule to quash the arrest, the *onus probandi* did not lay on the plaintiff.

It is therefore ordered, that the judgment making the first rule absolute, be reversed, and that our judgment be, that the said rule be discharged, and that the judgment discharging the second rule be affirmed. The defendant paying costs in both courts, on each of the rules.