Ducros v. Jacobs.

GUSTAVE DUCROS *v.* ANGELINA G. V. JACOBS.

An allegation in a petition, that a note was duly protested, is a sufficient averment of demand of payment. A special averment is not absolutely necessary.

The plea of the general issue, in an action against the endorser of a note, throws upon the plaintiff the burden of proving all the facts necessary to a recovery, to wit: demand of the maker, protest, and notice to the endorser.

The written proof of notice of protest, provided by the act of 13th March, 1827, does not exclude parol evidence thereof.

The notary by whom the protest was made is a competent witness, in an action against the endorser of a note, to prove notice to the latter.

An agent may be a witness in all cases, except in suits against the principal on account of the negligence of the agent. In such cases, he cannot be a witness for the principal.

APPEAL from the City Court of New Orleans, *Collins*, J.

*Marsoudet*, for the plaintiff.

*Greiner*, for the appellant.

MARTIN, J. The defendant is appellant from a judgment against her as endorser of a promissory note.

She resisted the claim on the ground, that there was no allegation of a demand on the drawer, and therefore no evidence of it could be received; and that the costs of a suit previously brought for the same cause of action, in which there was a judgment of non suit, have not been paid.

On the merits, the general issue was pleaded, but the defendant's signature was admitted.

The petition contains an allegation that the note was duly protested for non payment. As no protest can be duly made without a demand, the averment of a due protest strongly implies a previous demand. A special averment of it is not absolutely necessary.

The receipts of the clerk and marshal for the costs, were filed below.

The defendant's plea threw on the plaintiff the *onus probandi*, of all the facts necessary to entitle him to a recovery, to wit: demand upon the maker, protest, and notice to the defendant. No demand appears to have been made, but the protest attests the impossibility of a demand having been made, as the re-

sidence of the maker could not be discovered, after due diligence being used.

Our attention has been drawn to the case of *Fleming et al.* v. *Hill* (17 La. 3), in which we held, that a mere averment of due diligence in the protest was insufficient, as it did not enable the court to determine whether due diligence was used, but compelled it to act on the opinion of the notary, who ought to have stated what steps he had taken to discover the residence of the maker, to enable the court to exercise its own judgment on the sufficiency of these steps. In the present case, the protest is liable to the same objection as in the case cited; but its sufficiency has been endeavored to be eked out by the introduction of the notary as a witness. This was objected to, on the ground of his being indirectly interested (C. C. 2260. *Brumgard* v. *Anderson*, 16 La. 343), as he must be liable in damages to the plaintiff, if he has not duly protested it and given notice. The objection was overruled, and the defendant took a bill of exceptions, on two grounds:

1st. That the law requiring the notary to insert in a protest a detail of the facts from which the use of due diligence is to be ascertained, he ought not to be admitted as a witness, when he has neglected to do so.

2d. That if he appears as such, the interest he has in the suit makes him incompetent.

In the case of *Peyroux* v. *Davis* (17 La. 484), we stated that we had frequently held, that the written proof provided by the act of the legislature did not exclude parol evidence of the notice of protest, and the notary was examined. The case now before us differs from that, in this, that the notary is now attempted to be repelled from the book on account of an alleged interest, while no such objection was raised in the other case, the notary being principally offered to prove the notice to the endorser. Such a notice is not essentially to be given by a notary: it may be by any indifferent person; while the demand and protest, or the due diligence to find the maker, are essentially to be the acts of a notary.

The question, how far an agent can be a witness in matters connected with his agency, and involving his responsibility, has

repeatedly been submitted to the decision of this court, and the rule settled by their decision, and recognized by the courts of the other States, appears to be, that an agent can be a witness in all cases, except in such as are brought against the principal, on account of the negligence of the agent; in all such cases, he cannot be a witness for the principal. 13 La. 215. The first judge correctly admitted the witness to the book.

Lastly, it is urged, that the plaintiff was guilty of great *laches*, in neglecting to communicate to the notary a number of facts, which would have enabled the latter to discover the residence of the maker and endorser of the note, although the notary called on him for information on that head.

These facts are, that the plaintiff received the note in payment for a lot purchased by the maker, on which there was a house, a lease of which had been given, and was yet unexpired. It is urged that the house, at the maturity of the note, must have been occupied by the lessee or the purchaser; and that if a call had been made on the premises, the maker would have been found there, or the lessee or tenant, from whom his residence might have been known. The record contains evidence that the maker occupied the house at the maturity of the note. The plaintiff saw the maker about eleven days after the protest, and made no enquiry of him as to the residence of the endorser.

The plaintiff, at the time of the protest, although he did not know the residence of the endorser, knew a house from which she had lately removed; and that she was still in the city, having seen her some time before, and no application was made to discover her residence at the said house by the notary, the plaintiff, or any person on his behalf; nor was any enquiry made in the neighborhood where he had last seen her, for her residence.

On questions of fact, the decision of the first judge has always great weight with us. He has a better knowledge of the parties and of the witnesses. All the circumstances from which the defendant and appellant seeks to obtain a judgment in her favor, were submitted to and weighed by the first judge: they do not present to us sufficient ground to come to a different conclusion.

*Judgment affirmed.*