## DUPLANTIER, Tutrix, *v.* NEWCOMB et al.

In an action against the endorser of ⌐a note secured by mortgage, defendant may set up his discharge in consequence of plaintiff's having postponed the mortgage by which the note was secured to another in favor of a third person, without having pleaded it specially, where, from previous proceedings in the case, plaintiff was apprised of the defence that would be set up, and the evidence of the facts which discharged the defendant was introduced by the plaintiff himself.

APPEAL from the District Court of East Baton Rouge, *Boyle,* J.
*Watts* and *Spring,* for the plaintiff.

*Elam,* for the defendants, contended that though a party would not be permitted to prove a fact extinguishing an obligation contracted by him, without having specially pleaded it, yet where a plaintiff, in his efforts to establish the contract, introduces evidence which shows its extinction, that evidence must avail the defendant, under the general issue. In *Brown* v. *Saul,* 4 Mart. N. S. 437, the court say that, "a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause."

*T. G. Morgan,* on the same side.

The judgment of the court was pronounced by

EUSTIS, C. J. This case was before the late Supreme Court, and is reported in 10 Robinson's Rep. p. 104. On the argument of that case, it was urged that the judgment appealed from, so far as it related to the defendant, *Harney,* ought to be reversed, on the ground that he, as the endorser on the notes sued on, was discharged by an act of the plaintiff, in postponing the mortgage by which the notes were secured to that of another creditor, the *Union Bank;* but *Harney* had not appealed, and the objections to his liability were not noticed. The judg-

ment was reversed, and the case remanded for a new trial.    On the trial, the whole case was considered and treated as open, both in relation to *Newcomb*, the maker of the notes, and *Harney*, the endorser.    There was judgment for the plaintiff; and *Harney* and the plaintiff have both appealed ; and *Harney* has also appealed from the judgment which was before the Supreme Court as we have before stated, and which he was precluded from questioning, not having been a party to the appeal.    Both appeals have been argued before us, and the question of *Harney's* liability, as endorser of the notes sued on, remains to be considered.

It appears that, on the 9th of February, 1839, the plaintiff did postpone the mortgage, by which the notes endorsed by *Harney*, were secured, in favor of a new one granted to the *Union Bank*, and that this act in law discharged the endorsers on the notes, is not questioned.

The late Supreme Court, in an *obiter dictum*, intimate that *Harney* ought to have pleaded his matter of defence specially, and the same argument has been urged by counsel on this appeal.    As the matter stands before us, it is clear that the plaintiff was necessarily apprised of the ground of defence upon which *Harney* relied.    It had been presented unsuccessfully on the appeal, and the answer gave the plaintiff notice that the defendant only considered himself as originally bound to the plaintiff on the notes of *Newcomb*, as surety for the latter. Well knowing this, the evidence of the postponement of the mortgage, to the manifest detriment of the rights of *Harney*, as surety and endorser on the notes by which it was secured, was offered by the plaintiff, without showing any assent on the part of *Harney* to the transaction.    The release of *Harney* from his obligations, was thereby established, and no judgment could be rendered against him.    Where parties, plaintiffs, have been thoroughly apprised of matters of defence, defendants have not been held to special pleading.    *Tracy* v. *Tuyes*, 7 Mart. N. S. 354.

It is not necessary to decide the question whether, under the *allegations of the answer*, evidence of the postponement of the mortgage, to the injury of the rights of *Harney*, was admissible:    If a case of surprise had been made out, or, if the party had been misled by the *dictum* of the Supreme Court, before mentioned, and had applied to have the cause remanded, the application would have been favorably considered.    But called upon to terminate this litigation on its merits, we cannot hold *Harney* liable for a debt from which the plaintiff had himself proved that he has been in law discharged.    The judgment of this court is, therefore, in his favor.    We must consider the judgment against *Harney*, signed on the 22 of June, 1844, from which he has taken an appeal, as vacated by the proceedings of all parties in the subsequent trial of the cause, and therefore declare it void and of no effect, and his appeal from it must therefore fail.

It is therefore decreed that the said judgment be declared to be null and void, and that the appeal taken by said *Harney* be dismissed with costs ; and it is further ordered that the judgment against said *Harney*, rendered by the District Court on the 16th of January, 1846, so far as the same relates to said *Harney*, be reversed, and that judgment be rendered in favor of said *Harney* against the plaintiff, with costs of this appeal, and those accruing in the District Court since the remanding of the first appeal.