## H. SIMONS & Co. *v.* EDWARD JACOBS.

Where an affidavit is made, that a debtor has left the State with the intention not to return, his subsequent return will not alone be sufficient to dissolve a writ of attachment, where there are circumstances which render it probable that the original intention was not to return.

After an affidavit has been made for an attachment, some *prima facie* proof must be made by the defendant, that the facts sworn to are untrue, in order to throw the burden of proving their verity on the plaintiff. The affidavit has a greater effect than merely enabling the party to obtain process against defendant.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Emerson & Huntington*, for plaintiff. *E. Fillieul*, for defendant and appellant.

MERRICK, C. J. This suit was commenced by attachment. The indebtedness arises upon promissory notes amounting to $952 37, and interest.

The defence is, that the affidavit upon which the attachment issued is untrue.

The defendant is an Englishman. He was a daguerrotypist, and had rooms for his business in this city, and with his wife boarded at a boarding-house.

In July, 1858, some time after the maturity of the notes sued on, he sold out his establishment and visible effects, with the exception of a negro boy, for whom he left verbal instructions with his agent for the collection of debts, to give him his freedom on the 1st of January, 1859.

He left no agent on whom service of citation could be made, or who was authorized to stand in judgment.

Defendant not having returned, in January, 1859, plaintiffs sued out the attachment, and obtained judgment in February, which was signed 4th March, 1859, and was executed by the sale of the property attached.

The appeal was taken by defendant in November, 1859. The only proof that plaintiff intended to return to New Orleans is his own statement, and the fact that he had an adopted daughter here.

In the case of *Offut* v. *Edwards*, it was said : " Where an affidavit is made, that the defendant has left the State with an intention not to return, his subsequent return will not alone be sufficient to dissolve the writ *where there are circumstances which render it probable that the original intention is not to return*. It is otherwise where nothing suspicious existed, or where an intention to return was proved. 1 Rob. 231; 3 ibid, 363. In the 16 La. 341, it was held, that after an affidavit is made for an attachment, some *prima facie* proof must be made by the defendant, that the facts sworn to are not true, in order to throw

54

the burden of proving their verity on the plaintiff. The affidavit has a greater effect than merely enabling the party to obtain process against defendant." 9 Rob. 94.

In the case at bar, the testimony by no means destroys the presumption arising from the affidavit. The defendant was a foreigner. He closed his business and returned with his wife to his native country, after selling all his effects except a negro, which he intended to emancipate. He left no agent to represent him, on whom process could be served, and he did not return at the usual season of the year for persons absent for pleasure or health; and if he returned at all, it was after the second season abroad, and after the attachment suit had been carried forward to final judgment, and the money made by the sale of the slave he intended to emancipate. The case in 13 An., p. 473, is not entirely analogous.

If an attachment did not lie in the present case, our law would be singularly defective, as the creditor would be without remedy.

Judgment affirmed.

LAND, J., absent.