# Hood *v.* Robbins & Smith.

*Action on Promissory Note by Payee Against Accommodation Indorsers.*

1. *Alteration of indorsement changing the liability of indorser.*—The owner of indorsed paper, indorsed in blank, may write above the name of the indorser whatever is necessary to invest him with the legal title, or confirm his ownership, but not to change the liability of the indorser, or take away any legal defense to which he may be entitled.

2. *Accommodation indorser, when not liable.*—The original payee of a note made and indorsed purely for his accommodation, cannot maintain an action against the drawer, nor against such indorser, there being no consideration moving to or from the payee. A plea of want of consideration, in an action against such accommodation indorser, is a full answer to the suit.

3. *Irregular indorsement.*—A promissory note, or bill, in the hands of the original payee, indorsed for his accommodation, after its execution and delivery to him, by indorsement without new consideration moving to or from the payee, is, as to such holder, an "irregular indorsement," and no more than an undertaking by such indorsers, "to answer for the debt, default or miscarriage of another," and void under the statute of frauds in failing to express the consideration.

4. *Same; bona fide holder, who is not.*—Such holder of such irregularly indorsed paper, is not entitled to the protection of the commercial law, and cannot be considered as an innocent *bona fide* purchaser.

APPEAL from Selma City Court.

Tried before the Hon. JON. HARALSON.

This action was brought to the June Term, 1891, of the City Court, against Robbins & Smith, a partnership, as indorsers of a promissory note made by the H. C. Keeble Company, a corporation, payable to the plaintiff on demand, at the Commercial Bank of Selma, and which bore date, November 18th, 1890. The complaint alleges demand upon the maker, refusal of payment, protest and notice to

the defendant indorsers. The defendants answered by pleas setting up a failure by the payee to give due notice to defendants of the refusal of payment by the maker, and that defendants were accommodation indorsers of said paper, which was known to the plaintiff, who extended the time of payment in consideration of a partial payment by the maker; and that the indorsement of defendants was an undertaking by them to answer for the debt or default of another without expressing any consideration therefor. Issue was joined on these pleas, and the cause was submitted for judgment to the presiding judge, without a jury.

On the trial it was admitted that the note sued on was made by the H. C. Keeble Company, and delivered to the plaintiff on the 18th of November, 1890, and that it was endorsed by the defendants in their firm name about a month afterwards while it was in the possession of the plaintiff as a valid evidence of debt against the said Keeble Company. The plaintiff offered in evidence the note sued on which had the following endorsement thereon: "In consideration of the postponement of demand of payment of the within note we hereby endorse the same," signed: "Robbins & Smith." Thereupon the defendants examined J. R. Satterfield, as a witness, in order to lay a predicate for an objection to the introduction of the evidence offered. It was shown by this witness that said above writing on the back of the note, above the name of Robbins & Smith, was written since the commencement of this suit; that there was no writing above the endorsement prior to that time. Then the defendants made objection to said writing being offered in evidence, (1), because the same was written without the consent of defendants, and objected to the whole note; (2), because said writing changed the contract of said endorsers, the defendants. The court sustained the first objection and refused to allow said writing, above the endorsement, to be read, but overruled the objection to the other portions of the note being given in evidence.

The defendants then showed by H. C. Keeble, that the defendants, did not owe this debt, or any part of it, originally, nor did they receive any part of the consideration, but that they indorsed it for the accommodation of the H. C. Keeble Company. On cross examination this witness testified that the H. C. Keeble Company owed the plaintiff before any note was given; that in the fall of 1890, the plaintiff said he wanted the money, and that if witness would give him a demand note with indorsers he would accept it as cash; that witness saw Robbins & Smith, who

[Hood v. Robbins & Smith.]

agreed to endorse the note; that the note was made, and indorsed by Robbins & Smith, and was given to plaintiff, who went off with it. The plaintiff would not take the note of the H. C. Keeble Company, without indorsement. There was evidence of partial payments made, about which there was no conflict of testimony.

The plaintiff, testifying in rebuttal, said that the indorsement of the note by Robbins & Smith, was made about the 18th of December, 1890; that the note had been made by the H. C. Keeble Company, about the 18th of November, 1890; that on the former date he saw H. C. Keeble, of the H. C. Keeble Company, and told him that I would like to have the money on the note; Keeble said he had some heavy payments to make, and that he would be glad if I could wait. I told him if I deferred the payment I must have security. He asked what security I wanted, and I told him a good indorsement. He then asked me if Robbins & Smith, were good enough, I said they were. He asked me to go and get James Craig Smith, to come down. I found Mr. Smith, and he and I went together to the H. C. Keeble Company's Store. Mr. Bennett asked me for the note which I handed him. He had some conversation with Mr. Smith, and handed him the note, which Mr. Smith indorsed. Mr. Bennett brought the note to me, I thanked him, and walked out. There was a payment made by the H. C. Keeble Company on the note, on the 30th of December, 1890. There was a demand made for the balance on the 7th of May, 1891, which was refused, and the note was thereupon protested. This was all the material evidence. The court rendered judgment on the evidence in favor of the defendants, and the plaintiff excepted, and brings this appeal. The errors assigned are, that the court erred in rendering judgment for the defendants; and, in refusing to allow the plaintiff to read in evidence the writing on the back of the note, above the names of Robbins & Smith.

SATTERFIELD & YOUNG, for appellant.—1. The statute of frauds does not apply to commercial paper. 1 Dan'l on Neg. Insts. § 567; Throop on Verbal Agreements p. 159, § 85; Chitty on Bills, 4; *Butler v. Prentiss*, 6 Mass. 430; *Taylor v. French*, 2 Lea (Tenn.) 260. 2. That the holder of a note indorsed in blank, may make the blank indorsement a special one, and such indorsement then becomes a contract in writing within the meaning of the Statute of frauds. Randolph on Com. Paper, Vol. 2, § 708; 1 Dan'l Neg. Ins. § 144.

[Hood v. Robbins & Smith.]

PETTUS & PETTUS, for appellees.   [No brief came into the hands of the Reporter.]

COLEMAN, J.—It appears to us that a mere statement of the facts of this case is sufficient to justify the ruling of the trial court upon the questions assigned as error.

H. C. Keeble & Co., for a past due indebtedness, executed their negotiable promissory note to plaintiff, Hood, payable on demand, for the amount of said past indebtedness. Some thirty days after the execution of this note, the defendants, Robbins & Smith, indorsed the same in blank, and when thus indorsed, the note was re-delivered to plaintiff. There was no consideration for the indorsement of the note by Robbins & Smith, and none expressed, and the terms of the note remained as when executed by Keeble & Co., a note payable on demand. The note was never negotiated, but remained in the hands of the payee, who instituted the present action against the indorsers. After the suit was brought, the plaintiff wrote across the back of the note, over the signature of the indorsers, as follows : "In consideration of the postponement of demand of payment of the within note, we hereby indorse the same." It is admitted that the indorsers, the defendants, knew nothing of the writing of this assumption above their names, and that it was made in their absence, and without their knowledge, and was never ratified by them.

Appellant contends that, as the indorsement was in blank, the holder was authorized *to fill out the blank* in such manner as he saw proper. This is an entire misapprehension of the rule, which permits the holder of indorsed paper to fill blanks in the indorsement. The owner of indorsed paper may write over the name of an indorser, who has indorsed a note in blank, whatever may be necessary to invest him with the legal title, or confirm his ownership, but no rule of law will authorize the holder, by an indorsement on the back of the note, to change the liability of the indorser, or take away any defense which legally pertains to the indorser. With equal propriety, a holder who had neglected to protest or give notice of protest, might deprive the indorser of such a defense, or he could write any statement to destroy any other legal defense of the indorser. The plaintiff misapprehended the principle of law invoked by him. Principles of law which protect commercial paper apply after it has been negotiated, for the protection of innocent *bona fide* purchasers.   *Gilman v. New Orleans & Selma R. R. Co.* 72 Ala. 583 ; *Connerly v. Planters Ins. Co.*, 66 Ala. 432.

[Hood v. Robbins & Smith.]

As between the original parties to the note, those who are fully advised of all the circumstances attending its making and indorsement are not regarded as innocent *bona fide* purchasers. The payee of a note made purely for his accommodation can not maintain an action against the drawer, nor against the indorser who indorses it purely as an accommodation for the drawer, there being no consideration moving to or from the payee. In the present case, the note was given to Hood for a past due indebtedness to him, and it was made payable on demand. In this condition, and without an extension of time, or any other consideration, some thirty days after its execution by the maker, it was indorsed by the defendants purely as an accommodation to the drawer, all of which was fully known to the plaintiff. The plea of want of consideration, predicated upon these facts, was an answer to the suit.

We further hold that, as to the payee, under the facts, the indorsement was "an irregular indorsement," and was no more than an undertaking "to answer for the debt, default, or miscarriage of another," and is void under the statute of frauds, in failing to express the consideration.

We do not decide that the statute of frauds applies to commercial paper, but we have said no paper is entitled to the protection of the commercial law, not held by an innocent *bona fide* purchaser. In the hands of the payee, who has parted with nothing, who has neither assumed any obligation, nor parted with any right, who received the paper with a full knowledge of all the defenses against its binding force, a paper, however strictly commercial in form, is not entitled to the privileges and protection accorded to such an instrument after it has been negotiated, and thereby made commercial paper in its true sense. *Dunbar v. Smith*, 66 Ala. 490. The evidence fully sustains the pleas of the defendants.

There is no error in the record, and the judgment must be affirmed.

Affirmed.