(85 South. 750)

**GREEN, Superintendent of Banks, v. Mc-
CORD. (5 Div. 734.)**

(Supreme Court of Alabama. June 10, 1920.)

**I. Bills and notes ⬤⚷49, 237—Accommodation party may show want of consideration as against the accommodated party.**

A party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up want of consideration as a defense in the accommo-

dated party's action, and such rule applies whether the accommodation party be drawer or indorser.

**2. Bills and notes ⬤⚷49—Accommodation party's taking security does not affect character as accommodation paper.**

That the accommodation party has taken security for the loan or credit represented by the note does not affect the rights of the parties, or prevent the paper from being accommodation paper.

**3. Bills and notes ⬤⚷371—Accommodation party liable to holder for value.**

Under Code 1907, § 4984, an accommodation party was liable to a holder for value, though the latter knew him to be only an accommodation party.

**4. Bills and notes ⬤⚷49—Accommodation party's payment of balance does not subject him to further liability.**

Where a part of a note was paid by the party primarily liable, the balance by the accommodation party, the latter was not subjected to other liability to the holder by the payment of such balance.

**5. Bills and notes ⬤⚷49—Party secondarily liable paying balance not subject to other liability.**

The fact that an accommodation party, secondarily liable on a note, has paid the balance due thereon does not subject him to liability to the primary debtor for the amount the latter has paid on his debt, and this is a necessary consequence of the rule that a surety paying principal's past-due debt is entitled to proceed against such principal for the sum paid with interest (Code 1907, §§ 5385, 5388).

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Action by D. F. Green, as Superintendent of Banks, against Z. D. McCord, on a promissory note. From rulings on the pleadings, plaintiff took nonsuit with bill of exceptions, and appeals. Affirmed.

George A. Sorrell, of Alexander City, and Charles S. Bentley, of Bessemer, for appellant.

The plaintiff has a right to review the ruling of the court inducing the nonsuit. 184 Ala. 279, 63 South. 567. Counsel discuss the assignments of error, but without citation of authority.

J. W. Strother, of Dadeville, and John Darden, of Goodwater, for appellee.

A surety, who has paid his principal's debt, becomes the owner of the debt and all the collateral security thereto. Sections 5385 and 5388, Code 1907; 196 Ala. 576, 72 South. 115. The consideration of a written instrument may be impeached. 141 Ala. 308, 37 South. 367; section 3966, Code 1907. Accommodation parties may plead absence or

failure of consideration against any person not a holder in due course. Sections 4983, 4984, 5013, Code 1907. The plaintiff here was not a holder in due course. Section 5007, Code 1907.

THOMAS J. Because of the ruling of the court sustaining demurrer to plaintiff's pleading, a nonsuit with bill of exceptions was taken. Paterson & Edey Lbr. Co. v. Bank of Mobile, 84 South. 721;[1] Schillinger v. Wickersham, 199 Ala. 612, 75 South. 11; Berlin Mach. Works v. Ewart, 184 Ala. 272, 279, 63 South. 567.

To an understanding of the ruling making necessary the nonsuit it should be said that the superintendent of banks, liquidating the Farmers' & Merchants' Bank, sued defendant for $5,000 on a promissory note due and payable on the 1st day of February, 1918. To this defendant replied that he was an accommodation party to the note, to give the Farmers' & Merchants' Bank credit, and on condition that one Lauderdale would become cashier of said bank, and that others would furnish certain sums of money to said bank to supply it with additional capital with which to continue business; that said Lauderdale remained cashier only a short while thereafter, withdrew his personal deposit; and that the said bank was compelled to liquidate. To which plaintiff replied that defendant was an accommodation party to the note, which was used "as an asset of said bank, by depositing it with the First National Bank of Birmingham, as collateral to a loan of the same date of the defendant's note, and on said date the Farmers' & Merchants' Bank did obtain $5,000 from the said First National Bank of Birmingham, which went into the said Farmers' & Merchants' Bank, and thereby enabling it to continue business until the date above set out, and plaintiff alleges that the defendant cannot now plead the facts as alleged in said plea as a defense to said note." And the defendant replied that—

"After the execution of said note by the defendant to the Farmers' & Merchants' Bank, the said bank deposited said note as collateral with the First National Bank of Birmingham, Ala., to secure a note of $5,000, executed by the said Farmers' & Merchants' Bank of Goodwater, to the said First National Bank of Birmingham, to secure a loan of money made by the said First National Bank of Birmingham, to the said Farmers' & Merchants' Bank; that on the ―― day of February, 1918, the said Farmers' & Merchants' Bank having failed to pay said $5,000 note to the First National Bank of Birmingham, having paid only $500 thereon, this defendant, being an indorser on said $5,000 note to said First National Bank of Birmingham, paid the remaining $4,500 due to the said First National Bank of Birmingham, Ala., and became the owner of the said $5,000 and the collateral by which it was secured, and that

neither the bank nor any person has been injured or in any way damaged by the action of the defendant in executing said note to the Farmers' & Merchants' Bank of Goodwater."

The plaintiff sought to avoid the rejoinder of full payment by the accommodation party (defendant) to the First National Bank of Birmingham, the only party who had relied upon defendant's accommodation note, as follows:

"That while the said defendant paid to the First National Bank of Birmingham, Ala., the said sum of $4,500, and thereby was subrogated to the right of said bank to all security held by it, that one item of security held by said bank was the note here sued on, which was and is a valid and binding obligation on the defendant to the Farmers' & Merchants' Bank for the sum of $5,000, that the defendant only paid to the First National Bank the sum of $4,500, and thereby the said Farmers' & Merchants' Bank became indebted to the defendant in the said sum of $4,500, and that at said time and as a part of said transaction and as due on the note here sued on the defendant was due the sum of $5,000 on the same, and plaintiff alleges that the debt so due by the defendant on said note operated to discharge and settle and satisfy the defendant in the amount that he had paid out for the said Farmers' & Merchants' Bank, to wit, $4,500, which amount the defendant admits should be deducted from the amount of the note sued on, and that, said sum due by the defendant on said note having been greater than the amount so paid by the defendant for the Farmers' & Merchants' Bank, the title to said note sued on is in the plaintiff, and that he is entitled to recover in the suit the balance in the sum of $500 interest due thereon, together with attorney's fee as claimed in the complaint."

This pleading may be involved; but, stripped of unnecessary verbiage, it is to the effect that defendant has discharged his obligation to the First National Bank of Birmingham by payment of $4,500 on the Farmers' & Merchants' Bank's note, secured by defendant's accommodation paper, and that the assignee of Farmers' & Merchants' Bank is seeking to recover of defendant an amount that the party primarily liable has paid on the note. If recovery of this $500 may be had, with interest—the difference between what defendant paid the First National Bank of Birmingham and what defendant, as accommodation party and indorser, sought to give Farmers' & Merchants' Bank credit for with the First National Bank—why may not recovery be had for the full sum of the accommodation paper? Defendant owed the Farmers' & Merchants' Bank no debt; he only gave it credit with the First National Bank for the amount of $5,000. When the Farmers' & Merchants' Bank paid the First National Bank $500 on this indebtedness, it was but paying its own debt, and not that of the accommodation party, the defendant.

[1] The authorities, state and federal, well

―――――
[1] 203 Ala. 536.

support the proposition that the party for whose benefit the accommodation paper has been made acquires no rights against the accommodation party who may set up the want of consideration as a defense to an action by the accommodated party. As between them there is no consideration. 8 Cor. Jur. 259, § 409; 3 R. C. L. 1120, 1121, §§ 336, 337. Such is the rule in this jurisdiction touching the liability of an accommodation party whether as a drawer or indorser. Hood v. Robbins, 98 Ala. 484, 13 South. 574; Lyon v. Bolling, 9 Ala. 463, 469, 44 Am. Dec. 444. If defendant was an accommodation party and not one who was primarily liable he could show the lack of consideration by evidence to support his pleading to that end. Hall v. Bank of Crossville, 196 Ala. 627, 72 South. 171.

[2, 3] Under the Negotiable Instruments Act an accommodation party is defined as "one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Code 1907, § 4984.

It does not affect the rights of the parties or prevent the paper from being accommodation paper that the accommodation party has taken security for the loan or credit. Farley Nat. Bank v. Henderson, 118 Ala. 441, 24 South. 428. The holder for value, the First National Bank of Birmingham, was paid on the notes in question the full sum thereof, of which $500 was paid by the party primarily liable, the Farmers' & Merchants' Bank, and $4,500 was paid by the accommodation party. Defendant was not subject to other liability by the payment of the balance due to the First National Bank. The accommodation party was liable to the holder for value, notwithstanding the holder may have known him to be only an accommodation party. Tatum v. Com. Bank & Trust Co., 185 Ala. 249, 64 South. 561.

[4, 5] The fact that the party subject to secondary liability has discharged that liability by payment of the balance due did not subject him to other liability to the primary debtor for an amount paid by the primary debtor on his own debt. This is a necessary consequence of the rule that a surety who has paid his principal's debt which is past due is entitled to proceed against such principal for the sum paid with interest. Code, §§ 5385, 5388; Thrasher v. Neeley, 196 Ala. 576, 72 South. 115; Anniston Bank & Loan Co. v. Green, 197 Ala. 567, 73 South. 81.

The judgment is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes