## ANDERSON *v.* RHENEY.

GILBERT, J. 1. The decision rendered by the Court of Appeals when this case was before that court is the law of the case on the questions decided. *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217).

2. Where a case has been carried to the Court of Appeals on writ of error and the judgment complained of is reversed and remanded by that court for another trial, and after another trial the case is brought to this

court, and it appears on the face of the record that this court has jurisdiction of the case, and no issue is made by the record now before us as to the right of the Court of Appeals to entertain jurisdiction when the case was before that court, there is nothing before this court to be decided on the question of the jurisdiction of the Court of Appeals. That question cannot be raised by reference only in the brief of counsel for the plaintiff in error.

3. In one ground of the motion for new trial it is contended that the defendant, against whom suit had been brought to recover a judgment on a promissory note secured by a deed to real estate, where an equitable plea was interposed containing a prayer that "the plaintiff be required to deliver up said note to defendant and to execute a quitclaim deed to the defendant, covering the land described in said petition," admitted solemnly in judicio that when she made the note and deed the plaintiff agreed to send to defendant a bond for title, and that all previous agreements as to the reconveyance of the property were merged in said bond for title, and defendant is estopped from contradicting its terms. The law on this issue was settled adversely to the plaintiff in error by the Court of Appeals. 22 *Ga. App.* 417 (supra). In this case the Court of Appeals held: " Where a negotiable promissory note purports to have been given 'for value received,' and suit is brought thereon by the payee, the maker may plead, and prove by parol, that the note was executed without consideration as between the parties, and for the sole purpose of enabling the payee to indorse it to a third person as collateral security for a debt which the payee desired to contract and which he promised to pay without assistance from the maker of the note. Such a note is a mere accommodation paper, and, while in the hands of the person to be accommodated, is without consideration and binds nobody. . . It would be otherwise if the note were in the hands of an indorsee who received it for value." Under that ruling this ground of the motion for a new trial shows no cause for a reversal.

4. The remaining grounds of the motion show no cause for the grant of a new trial.        *Judgment affirmed.    All the Justices concur.*

No. 2661. DECEMBER 15, 1921.

Complaint. Before Judge Hammond. Richmond superior court. April 25, 1921.

*Sam. L. Olive,* for plaintiff.    *W. H. Fleming,* for defendant.