### AUSTIN, State Banking Com'r, v. SISK.
### (No. 1388.)

(Court of Civil Appeals of Texas. Beaumont. April 14, 1926. Rehearing Denied April 21, 1926.)

Bills and notes ⬅537(3)—Where undisputed evidence, in action on behalf of payee bank, showed note was executed for bank's accommodation without consideration, instructing verdict for defendant was proper (Rev. St. 1925, art. 2185).

In action on note by banking commissioner in charge of payee bank, where undisputed evidence showed defendant executed note without consideration for bank's accommodation with understanding that note should not be his obligation *held* bank had acquired no rights, and instructing verdict for defendant was correct, in view of Rev. St. 1925, art. 2185.

Appeal from District Court, Angelina County; C. A. Hodger, Judge.

Suit by Charles O. Austin, Commissioner of Banking of Texas, having in charge the Citizens' Guaranty State Bank of Lufkin, against R. O. Sisk, on note. Judgment for defendant, and plaintiff appeals. Affirmed.

Fairchild & Redditt, of Lufkin, for appellant.

W. O. Seale, of Lufkin, for appellee.

O'QUINN, J. Chas. O. Austin, commissioner of banking of the state of Texas, having in charge the Citizens' Guaranty State Bank of Lufkin, Tex., for the purpose of liquidation, filed this suit against R. O. Sisk upon a promissory note in the sum of $1,000, executed by Sisk, and payable to the order of said bank.

Sisk answered, admitting the execution of the note, but defended upon the ground that it was an accommodation note for said bank, pleaded failure of consideration, and that he had fully complied with his agreement with said bank in the execution of said accommodation note to said bank. The answer was duly verified.

Appellant replied by supplemental petition, denying the allegations of appellee's answer.

The case was tried before the court with the aid of a jury, but at the conclusion of the evidence the court instructed a verdict for appellee. Judgment was accordingly entered, and the case is before us on appeal.

We think the judgment should be affirmed. The evidence, as we view it, without dispute, shows the note to have been executed by appellee as an accommodation to the bank. Therefore there was no question of fact to go to the jury. Article 2185, Revised Civil Statutes. Appellee received no benefit by reason of the execution of the note, but, to the contrary, we think the evidence without dispute shows that the note was executed by appellee at the request of the active vice president of the bank for the purpose of aiding the bank, and with the understanding that said note should not be an obligation of appellee. The rule is well settled that the party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up want of consideration as a defense to an action by the accommodated party. 8 C. J. p. 259, § 409; 3 R. C. L. p. 1120, § 336; Central Bank & Trust Co. v. Ford (Tex. Civ. App.) 152 S. W. 700 (writ refused); Brady v. Cobbs (Tex. Civ. App.) 211 S. W. 802; Simons v. Fisher, 55 F. 906, 5 C. C. A. 311, 20 L. R. A. 554; Green v. McCord, 85 So. 750, 204 Ala. 356; Anderson v. Rheney, 110 S. E. 164, 152 Ga. 418; Bank v. Smith, 203 N. W. 802, 199 Iowa, 1277.

The judgment is affirmed.