No. 3625

**Second Circuit**

CASKEY v. CRAWLEY ET AL.

(May 20, 1931. Opinion and Decree.)

J. R. Wimberly, of Arcadia, attorney for plaintiff, appellant.

Goff and & Goff, of Arcadia, attorneys for defendants, appellees.

DREW, J. Plaintiff sued on a promissory note for the sum of $1,409.13, with 8 per cent interest thereon from October 15, 1923, and 10 per cent as attorney's fees. He attached the note to the petition and made it a part thereof. He sued E. H. Crawley and W. D. Goff, and specially reserved his rights against J. E. Currie. He alleged the note to be past due and unpaid and amicable demand.

The note attached to the petition is made payable to plaintiff, and is signed, as maker, by E. H. Crawley, and is indorsed, first, by J. E. Currie, then by W. D. Goff.

Defendant Goff excepted to the petition, for the reason that it disclosed no legal right or cause of action against him, in that it is not alleged in what capacity he is bound on the alleged obligation, and it is not alleged that J. E. Currie, one of the solidary obligors, is indebted unto plaintiff in any amount, which operates as a release, under the law, of the said Currie, one of the solidary obligors, and a release of him operates as a release of all other obligors signing said note in the same capacity.

The exception was not passed on below, and defendant Goff neither appealed from the judgment of the lower court nor has he answered the appeal here of plaintiff. Therefore the exception is not before us for consideration.

Defendant Goff answered, denying that he was indebted unto plaintiff or that amicable demand had been made. He alleged that he signed the note as accommodation indorser, after J. E. Currie had signed, and that he would not have signed the note as indorser if J. E. Currie had not indorsed it before he did; that plaintiff has not sued the said Currie, one of the indorsers, nor alleged that he owes the debt, and that he (Goff) is released because of the tacit release of the other indorser, Currie.

He further alleged that service had not been made on the maker of said note, and, because of failure to make said service, that it is a tacit release of plaintiff's rights against the maker, thereby depriving defendant of rights which he would have should he finally be forced to pay the note, and that, because of the release of the principal, as defendant set out, and one of the indorsers, he (Goff) is also released under the law.

At this stage of the case plaintiff died, and his wife, who had qualified as administratrix of his succession, was substituted as plaintiff. Defendant Crawley filed an amended answer, and defendant Goff filed the following plea of estoppel:

"Now into Court comes W. D. Goff, made defendant in the above styled cause, for

the purpose of filing this plea of estoppel, and with respect shows:

"That he refused to sign the note sued on in this cause until after same was signed by J. E. Currie; that J. O. Caskey and E. H. Crawley secured the signature of J. E. Currie and that the said J. O. Caskey promised the said J. E. Currie that he would never have to pay said note, and obtained his signature with the view of inducing your defendant to sign same, and his acts operate as a fraud upon this defendant and he and his succession are estopped from changing their position to the prejudice of this defendant, and after agreeing not to hold the endorser, J. E. Currie, or make him pay said note, your defendant, a subsequent endorser is also discharged and released from said obligation.

"Wherefore, defendant adopting the prayer of his original answer further prays that this plea of estoppel be sustained; that the exception of no cause of action heretofore filed be sustained, and that the demands of plaintiff be rejected as to him, and for all orders. and decrees necessary in the premises and for general relief."

On these issues the case was tried, resulting in judgment for plaintiff against defendant Crawley, as prayed for, and rejecting the demands of plaintiff against defendant Goff. From this judgment plaintiff appealed. Defendant Crawley has not appealed; therefore the judgment as to him is not before us.

There is no merit in the contention of appellee that the principal or maker of the note was not cited. The record shows citation on the principal, Crawley, and he appeared and answered the suit. The other contention of appellee that, because the indorser, Currie, was not sued, he is released, we think wholly untenable. The obligation of each indorser is to pay the note on proper notice if dishonored at maturity, with the option in the payee to sue whomsoever he sees fit for the full amount; but with the right to have it paid only once and with full protection to the indorsers as between themselves, according to the nature of their agreement, or as provided by law, Rev. Civ. Code, art. 2094; Farmers' & Merchants' Bank v. Davies, 144 La. 532, 80 So. 713; and, in the absence of restrictions, all prior indorsers are liable to the one who pays. The note contains the following stipulation:

"All signers of this note are principals, and each of us as well as all endorsers hereon waive presentation of payment and notice of non-payment, protest, and diligence in bringing suit against any party hereto, and I, we, and each of us consent that the payee herein or owner or holder of this note may at any time extend the time of payment."

There is, therefore, no question of failure of proper notice when dishonored at maturity, and the question is not raised. The note was past due at the time of the filing of the suit, and the indorser Goff was obligated to pay it. He and the other indorsers were jointly and severally liable for the payment of the note on the face of the note, subject, however, to what defenses they or either of them might have and advance.

Therefore the failure of plaintiff to sue Currie, the prior indorser, does not release appellee, also an indorser. His rights against the prior indorser are fully protected by law. It is admitted by appellee that he signed the note as accommodation indorser, and that it has not been paid.

The plea of estoppel was not passed on by the lower court, and appellee has not answered the appeal; therefore the plea is not before us for consideration.

On trial of the case, appellee offered proof to show that he was an accommoda-

tion indorser to both the maker and the payee, and that, at the time he indorsed the note, the payee, plaintiff herein, told him that he would never require him to pay it, and that he was going to use the note at the bank, but would protect him against having to pay it against third persons.

This line of testimony was objected to, for the reason that there is no allegation by defendant Goff in the answer on which to base the proof. The objection was overruled and the proof allowed.

Under the general denial of liability on the note and the affirmative allegation that he was an accommodation indorser, we think the evidence was admissible. Byrne v. Hibernia Nat. Bank, 31 La. Ann. 81; Ducros v. Jacobs, 10 Rob. 453; Bonnabel v. Bouligny, 1 Rob. 292; Duplantier v. Newcomb, 2 La. Ann. 279.

The great preponderance of the testimony is that appellee indorsed the note at the request of the payee and maker, with the distinct understanding from the payee that he (the appellee) would never be called upon to pay it; that the appellee was an accommodation indorser for the payee; that the note was used by the payee at the bank; and, when it became due, that the payee paid the bank and again took possession of the note, later filing the present suit. An accommodation indorser for the payee, while liable to any third person who acquires the note, is not liable to the payee who is the owner and holder of the note.

The judgment of the lower court is correct; and it is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.