24694. McLENDON *v.* LANE.

SUTTON, J. Where a promissory note was signed by two persons as apparent makers, but one of them signed at the request of the payee, the brother-in-law of the other maker, solely because the payee stated that he wanted to lend his brother-in-law some money to pay a hospital bill incurred in the illness of the latter's daughter, and "in order to secure part of the money he might have to sell,. transfer, assign, or hypothecate the note, and that in order to make the note as strong as possible so that he could so sell, transfer, or assign same, he wanted to get one or two other persons on the note with his brother-in-law, Daniel," and the payee asked this defendant, McLendon, as a favor and accommodation to him, to indorse or sign said note for his benefit, and not for the benefit of the other maker, McLendon was an accommodation indorser for the payee, and, there being no consideration flowing to him, he was not liable on the note to the payee, the same not having been negotiated and remaining in the hands of the payee. Therefore, in a suit on the note, brought by such payee against both of the makers, a plea by McLendon setting up the above facts was good as against a general demurrer, and the trial court erred in striking the plea on·motion and in entering final judgment against McLendon. See Code of 1933, §§ 14-306, 14-508; *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217), and cit., s. c. 152 *Ga.* 418 (110 S. E. 164); *Robinson Co.* v. *Rice,* 39 *Ga. App.* 785 (2) (148 S. E. 542); *Ramsey-Fender Motor Co.* v. *Chapman,* 46 *Ga. App.* 385 (168 S. E. 92). "The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party, who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties. He is not liable to the party accommodated, although he also signed for the accommodation of another party, or although a comaker received value from the party accommodated, or although' he signed for the accommodation of two other parties and a valuable con-

410

sideration passed between the parties accommodated. If an acceptance is for the accommodation of the payee, the acceptor will not be liable to him. . . *Under the negotiable-instruments law* the rule is that where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery for the accommodation of the payee, he is liable to all parties subsequent to the payee, but not to the payee." 8 C. J. 259, 260, § 409. Accommodation indorser for payee is not liable to payee who is owner and holder of note. Caskey *v.* Crawley, 16 La. App. 415 (134 So. 711).

      *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1935.

*Adams & Nelson,* for plaintiff in error.
*Lester F. Watson,* contra.