# King *v.* Perry Insurance and Trust Company.

### *Action on Bill of Exchange.*

1.   *Usury; what does purge from.*—A mere change of securities for the same usurious loan, to the same person who reserved the usury, does not purge the original consideration; and whether the new security is in renewal of the former evidences of debt, or in payment of the debt tainted with usury, the original taint remains until a new consideration intervenes.

2.   *Same; who may set up defense of.*—Where defendant was indorser of a bill of exchange, based on an usurious consideration, upon which another was acceptor, and the defendant afterwards gives the creditor a new bill upon

which he is acceptor, in payment of the original debt, whereby the original acceptor is discharged, defendant may, if no other consideration has intervened, set up the defense of usury; such transaction is merely the substitution, so far as concerns the creditor, of the bill on which defendant is acceptor, for that on which he was indorser.

APPEAL from Perry Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

This was an action brought by the appellee, the Perry Insurance and Trust Company, against the appellant, King, to recover the amount of a bill of exchange drawn on and accepted by him. The cause was tried on pleas of the general issue and usury. It appeared on the trial that one Tarry, being indebted to the appellee, delivered to it, in December, 1871, a bill of exchange, drawn by W. M. Catlin, indorsed by the appellant, King, and accepted by J. P. Tarry. This bill was payable in sixty days, and was for the amount of the debt then due and usurious interest. This bill was five times renewed by the same parties, at intervals of about sixty days, each bill when renewed being treated as principal, and usurious interest being each time charged for the indulgence. In February, 1873, appellant, King, took up the last of these renewed bills, giving in exchange therefor a bill of exchange drawn by W. M. Catlin, indorsed by R. B. King and D. L. King and accepted by him. This bill he renewed by another drawn by Catlin, indorsed by R. B. and D. L. King and J. G. L. Huey and accepted by him, which bill is the foundation of the present action.

There was evidence tending to show that the company received the bill on which King was acceptor, in payment of the debt due by Tarry, and that King had so treated it by suing Tarry and recovering judgment for the amount. This was substantially all the evidence, and at the request of the plaintiff the court charged the jury: "If Tarry was indebted to the company by a bill of exchange drawn by Catlin, indorsed by defendant, King, for the accommodation of Tarry, and by him accepted; and if on the third day of February, 1873, King, with a view of taking up Tarry's bill, and suing him for paying it, made another bill, such as described in the evidence, and thereupon delivered his said bill to the company, for the bill of Tarry's, and thereupon received it from the company; and if the company received King's bill in payment of Tarry's debt, and afterwards held no claim against Tarry on account of said debt, and if King treated the transaction as a payment by him of the said debt of Tarry, and if King thereupon sued Tarry to recover the

amount of the bill of Tarry's thus taken up by him, as for that amount paid by him on the third day of February, 1873, to the said company for Tarry; and if the only means by which King paid this amount for Tarry, was by giving his bill as aforesaid; and if King in that suit recovered a judgment against Tarry for the amount so paid him, King is estopped from setting up usury in this suit, and can not on the ground of usury prevent the company from recovering the entire amount of the bill sued on, with interest to date." The court also charged the jury that "the old bill would be cancelled if it were paid in money, though the same money were immediately loaned to the debtor who had thus paid it in. There is no need of going through the useless ceremony of paying the money, which is to be immediately taken away again."

An exception was reserved to each of these charges, and they are now assigned as error.

JOHN F. VARY, THOMAS H. WATTS and P. LOCKETT, for appellant.—The consideration of the first bill of exchange was usurious, and all the consecutive bills were based on and grew out of the usurious loan; the appellant was party to all the bills, being indorser of the first six, and acceptor of the last two; this suit is brought by the appellee, the usurer, against the appellant, as acceptor of the last bill, to recover the amount of the original usurious loan with all the usury that had accrued upon it. This last bill was usurious, and the defendant was entitled to set up the defense of usury. 22 Ala. 262; 23 Ala. 537; 2 Pars. on Notes and Bills, 420; 20 Johns. 288; 8 Cow. 691; 62 Penn. St. 481; Tyler on Usury, 396, and authorities there cited. The transaction was not a payment, but the mere substitution of one security for another for the same usurious loan. King was bound to pay all of the bills, and he can set up the defense of usury to the last as well as the first.

WM. M. BROOKS, contra.—The giving of the bill by King was a payment by him of the debt of Tarry, and extinguished it. His bill was accepted by the company as so much money, and in full satisfaction of the debt of Tarry; it was so regarded by King, who sued Tarry and recovered judgment for the amount thus paid as so much money paid by him for Tarry, and he can not now assert that his bill was given for an usurious debt, to defeat a recovery by the company. Having claimed and recovered judgment for that amount of

Tarry, he can not now deny his liabilities to the company for the full amount of the bill sued on.

BRICKELL, C. J.—The only consideration of the bill of exchange on which the suit is founded, is the debt originally contracted by Tarry with the Perry Insurance and Trust Company. It is not disputed that the debt in its inception, and in the several renewals of the evidence of it, to which Tarry and the appellant were parties, was infected with usury. The law is firmly settled that a mere change of securities for the same usurious loan, to the same person who has reserved the usury, does not purge the original, so that an action can be maintained on the new security.—*Pearson v. Bailey,* 23 Ala. 537; *Walker v. Bank of Washington,* 3 How. (U. S.) 62; *Campbell v. Sloan,* 62 Penn. 481; Tyler on Usury, 396. It is not material whether the new security is merely in renewal or substitution of former evidences of debt, or in payment of the debt tainted with usury. The original taint attaches until a new consideration intervenes. As is said in *Dunning v. Merrill,* 1 Clark's Ch. 252, "the original taint attaches to all consecutive obligations or securities growing out of the original vicious transaction, and none of the descendant obligations, however remote, can be free from it, if the descent can be traced."

A *bona fide* payment of the debt extinguishes it, whether the payment is made in money or other things, and a subsequent loan between the parties would be valid, if the transaction was not a device to evade the statute against usury. The payment must not be merely the substitution of another debt by the same parties, or some of them, the sole consideration of which is the antecedent usurious debt.— *Vickery v. Dickson,* 35 Barb. 96. In *Botsford v. Sanford,* 2 Conn. 276, the surety applied to the creditor, and for the purpose of pursuing the principal and indemnifying himself against loss, gave his own note in payment of the usurious debt, and obtained satisfaction from the principal. The note was held usurious, but it was held that if the surety, after obtaining satisfaction from the principal, had in consideration thereof made a new promise, such promise would be valid, because supported by a new consideration.

It may be conceded that the bill given by the appellant was a payment of Tarry's debt to the appellee, converting the appellant into the relation of creditor of Tarry, discharging him from all liability to the appellee. The consideration was not changed, nor was the relation subsisting

between the appellant and the appellee, so far as the right to defend because of usury, is involved. If by subsequent transactions between Tarry and the appellant, a new consideration was created, and this consideration had been the foundation of a new promise by the appellant to the appellee, a different question would be presented. The only consideration of the bill now in suit was the original usurious debt. The appellant has become the primary debtor to the appellee, and the creditor of Tarry. The subsequent transactions between him and Tarry formed no part of the consideration of the bill, and as between appellant and the appellee, there has been merely a substitution of the present bill on which the appellant is acceptor for that on which he was indorser. In this relation of the parties, the only question is of consideration.—*Tate v. Wellings*, 3 T. R. 537; *Campbell v. Sloan*, *supra*. That being a usurious debt, no greater recovery can be had than could have been obtained in the original debt.

The rulings of the Circuit Court were not in accordance with these views. It is not necessary to pass on them separately, as what has been said will be a sufficient guidance for the court on another trial.

The judgment is reversed, and the cause remanded.