## Jackson *et al v.* Wood, *exix.*

*Settlement of Administration.*

1. *Co-makers of note; presumption of liability.*—When two names are signed to a note, the *prima facie* presumption is that the subscribers are co-makers, and equally bound.

2. *Proof of credits; affidavits*—Where a credit is claimed by an administrator upon a settlement, for a payment made a creditor of the estate, and it is contested, the *exparte* affidavit of such creditor is insufficient evidence upon which to allow the credit.

3. *Insolvent estate; premature payment of debts*—When an executor pays in full, debts not of a preferred class, and the estate proves insolvent, he is not, on his settlement, entitled to any credit therefor, but has only the right to be substituted for the creditors whose claims have thus been discharged, as a claimant against the insolvent estate.

APPEL from Talladega Probate Court.

Tried before Hon. G. K. MILLER.

On December 13th, 1893, the appellee, Susan Wood, as executrix of the will of her deceased husband, John H. L. Wood, filed her accounts and vouchers for a final settlement of her administration, the estate having been previously declared insolvent. Upon such settlements, the appellant and certain other creditors of the estate objected to the following credits claimed by the executrix. *First;* two hundred and fifty dollars paid to Frank Wood, all the evidence bearing upon this credit, was to the effect that by a joint note, the testator and Frank Wood were indebted to Isbell & Co. in the sum of five hundred dollars, and that Frank Wood paid $250, and the executrix paid the balance, and afterwards, she refunded to Frank the amount paid by him. The court allowed this credit, and appellants excepted.

14

*Second;* They objected to an item of credit of $367 paid M. T. Singleton. The evidence upon this point was the affidavit of Singleton that he had paid that amount for the decedent, and was for undertakers bill, medical attention during last illness and burial expenses. The executrix testified that she had paid the sum to Singleton, but had no knowledge whether he had paid the sums as claimed, for the deceased, or whether the bills he claimed to have paid were reasonable or just. The court allowed the claim, and appellants excepted. They also excepted to action of the court in allowing the executrix credit for certain unpreferred claims against the estate, which she had paid in full, before ascertaining that the estate was insolvent.

From the decree on such setlement, the objecting creditors appealed, assigning error as indicated by their above exceptions.

KNOX, BOWIE & DIXON, for appellants.

INZER & GREEN, and J. P. MONTGOMERY, *contra.*

McCLELLAN, J.—On the principle that when two names are signed to a note the *prima facie* presumption is that the subscribers are co-makers and equally bound, the probate court erred in allowing the executrix credit for the sum of two hundred and fifty dollars which, having been paid by Frank Wood on a note for five hundred dollars signed by the testator and himself, she refunded to said Frank Wood, (2 Daniel on negotiable instruments 1336; *Summerhill v. Tapp,* 52 Ala. 277), in the absence of proof that the parties were not co-makers.

The credit claimed by the executrix for payment made to M. T. Singleton for the expenses incident to the last illness and burial of the testator was contested by the creditors. The only evidence of the correctness of this item of credit offered in the court below was the *ex parte* affidavit of said Singleton. The credit should not have been allowed, after contestation, upon such evidence.— *Jenks v. Terrell,* 73 Ala. 238; *McDonald v. Carnes,* 90 Ala. 147.

The court also erred in allowing the executrix credit for the several debts, not of a preferred class, which she

paid in full. These creditors, as the event proved, were only entitled to share *pro rata* with others in the assets of the insolvent estate, and their payment in full by the executrix was made at her own peril. She is only entitled on account of these payments to be "substituted for the creditors whose claims she has thus discharged, as a claimant against the insolvent estate, and to take the same distributive share to which those creditors would have been entitled."—*Hearin, Admr. v. Savage, Admr.* 16 Ala. 286, 294; *McNeill's Admr. v. McNeil'sl Creditors,* 36 Ala. 109, 116; *Shelton v. Carpenter, et al.* 60 Ala. 201, 213.

Reversed and remanded.