## Young v. Perry.

### Assumpsit.

(Decided June 11, 1914.   65 South. 817.)

*Principal and Surety; Remedy of Creditors; Defenses.*—Although a surety for the co-maker as between the parties, a joint and several maker of the note cannot, when sued by the payee, defend by showing that the co-maker did not so sign the note as to be bound thereby, unless the other maker sets up such a defense, or unless the signature was obtained by the fraudulent representation that the co-maker had signed the note.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Assumpsit by Frank M. Perry against George Young and the North Alabama Construction Company. From a judgment for plaintiff defendant Young appeals. Affirmed.

PAUL HODGES and A. A. WILLIAMS, for appellant. The court erred in sustaining demurrers to appellant's plea 2.—*Bean v. Chapman,* 62 Ala. 58; *State v. Parker,* 72 Ala. 181; *Smith v. Kirkland,* 81 Ala. 345; *Sharp v. Allgood,* 100 Ala. 183; *So. Cot. O. Co. v. Bass,* 126 Ala. 343; *U. S. F. & G. Co. v. Dothan,* 56 South. 953; *Raleigh Med. Co. v. Wilson,* 60 South. 1001; 57 Am. St. Rep. 477.

GEORGE P. JONES, for appellee. The cause should be affirmed on the following authorities.—2 Randolph on Commercial Paper, §§ 913-915; 2 Daniel's Negotiable Instruments, 332 and authorities cited.

MAYFIELD, J.——Appellee, as payee, brought suit on the following note:

"5000.00.   Florence, Alabama, Oct. 15, 1910.

"Ninety days or sooner after date, for value received, we promise to pay to F. M. Perry or order five thousand and 00/100 dollars, payable at the First National Bank, Florence, Alabama, with all cost of collection, including a reasonable attorney's or collector's fee in case of nonpayment at maturity.

"All rights of exemption under the laws of Alabama waived as to the maker and each indorser of this note, with interest at twelve per cent. per annum.

"North Alabama Construction Co.,
"By Jas. L. Brock, Treasurer.
"George Young.
"Due Jan. 15, 1911."

The corporation interposed no defense to the action. Young, appellant here, interposed the plea of usury, which was confessed, and also interposed the following plea:

"Comes the defendant, George Young, and for answer to the complaint filed against him in this cause says that the note sued on was signed by him as surety for North Alabama Construction Company, a corporation; that at the time he signed said note it purported to have been executed by said corporation, and that he understood the said note to have been duly executed by said corporation and to be a valid and binding obligation of said corporation; that he signed said note as surety and not otherwise, which fact was known to plaintiff; that in fact said note was never executed by said corporation, or by any one having authority to execute the same for and on behalf of said corporation, and this defendant pleads the same in bar of this action.

George Young.

"Paul Hodges,
"A. A. Williams,
Atty. for Deft. Geo. Young.

"Sworn to and subscribed before me this the 8th day of March, 1912.

"Jno. L. McClure, Clerk."

The plaintiff demurred to this plea, on the ground that the defense of non est factum, attempted to be raised by the plea, was personal to the corporation, which made no defense to the action, and that the defense could not be pleaded by the defendant Young, who was, on the face of the paper, a joint and several maker of the note. The court sustained the demurrer, and judgment went against the defendants, from which judgment the defendant Young appeals, assigning, as error, the sustaining of the plaintiff's demurrer to his plea.

The sole question presented or insisted upon by appellant is whether or not this plea set up any defense to the action as against the defendant, Young, and which was availing to him under this plea. There is no claim that any fraud was practiced by, or against, any one. The sole claim is that the person who signed the corporation's name to the note had no authority to so bind the corporation; the insistence of appellant being that if the corporation was not bound, then he was not bound, because in fact he was surety, and not a joint and several maker as the note purports on its face to make him. We are of the opinion that the trial court ruled correctly. The plea presented no defense available to appellant. One joint and several maker of a note, although, as between the parties, the one is surety for the other, cannot defend by setting up as a defense that the other did not so sign the note as to be bound, when the other party does not set up such defense. The plea attempted to set up a defense which was purely personal to the corporation, and not availing to appellant. If the plea set

up facts showing that a fraud was practiced upon him, in thus obtaining his signature, and that his signature was obtained by the fraud of falsely representing that the corporation had signed the note, when in fact it had not done so, then the defense would be availing to him as the party so defrauded. But that is not the case presented; the plea does not attempt to set up such a defense. If the contract sued on had been a mere guaranty, or a bond such as an attachment bond, etc., providing, as a part of the surety's contract, that the principal was bound, and, if the principal failed to perform, that then the surety or guarantor should be bound, the rule of law might be different. But as to this we do not now decide, or intimate an opinion. Such, however, is not this case. The action is on a promissory note signed by two parties. Such execution on the face of the paper and according to the contract makes each signer jointly and severally liable to the payee. It is true that as a matter of fact one may be the surety of the other, and for some purposes and some defenses would be treated as a surety; but he is not entitled to make the defense attempted by the plea in question. The authorities and reason are all the other way.

Mr. Randolph, in his work on Commercial Paper (volume 2, §§ 913 915), says:

"A surety who signs the note after the names of other cosureties admits, although he does not warrant, the genuineness of their signatures; and, if the principal's name is forged without the surety's knowledge, and without fraud on the holder's part, it will be no defense to the surety. So, the surety cannot set up that the principal's name was signed without authority by an agent. So a surety will be liable to a bona fide holder, although the name of an earlier cosurety was forged without his knowledge."—Section 913.

"A surety will, in general, be liable on a bill or note executed by him as such, although his principal has not sufficient capacity or authority to contract. Thus a surety for one who has not capacity by reason of infancy will be liable, although the principal is not liable. And if such note was given for necessaries, which would render the principal liable, the surety may recover from him on paying the note. So a surety will be liable upon a contract which is void as to his principal on account of the principal's unsound mind or coverture, or upon a contract executed with a corporate principal which has no capacity, as a corporation, to make such contract, unless the contract is made absolutely void by statute."—Section 915.

The law is thus stated by the Supreme Court of New Hampshire, in the case of *Weare v. Sawyer*, 44 N. H. 198:

"In a suit against a surety upon a promissory note, given by a school district as principal, it is no defense, in the absence of fraud, that the name of the district was signed without authority. Nor can it be shown, by parol evidence, that the surety signed the ntoe with the understanding that he was surety only for the performance, by the district, of its legal liability."

This New Hampshire case was very much like the one at bar, almost a "gray horse case."

"It is true, that parol evidence may be received to prove that one of the makers is but a surety; although nothing of the kind appears upon the face of the instrument.—*Bank v. Kent*, 4 N. H. 221 [17 Am. Dec. 414]. This, however, is not for the purpose of varying the obligation as originally entered into, but is admitted in connection with proof of indulgence to the principal, to show a subsequent discharge of such surety, by substituting a new contract, to which he was no party.

"The case of *Hoyt v. French,* 24 N. H. 198, is in point. There it was proposed to show by parol that when the surety signed the note it was agreed that the first money paid by the principal should be applied thereon, and that money had been so paid, but not applied; and it was held that the evidence was not admissible, as the effect would be to vary the terms of the note. Of the same character is *Lang v. Johnson,* 24 N. H. 302.

"It is said, also, that the liability of the surety is coextensive only with that of the principal, and that the school district must be regarded as the principal here. As a general proposition it may be true that, in the contract of guaranty, there must be a principal who is also liable. It would be true in all cases where the guarantor stipulated to guaranty the performance of the principal's engagement. But in that large class of cases where the contract is to pay a specific sum of money, there, we apprehend, the guarantor or surety is, in the absence of fraud, bound by the terms of his contract, although his principal by reason of coverture, infancy, or want of authority in the person assuming to act for him, is not bound.

"So it is laid down (Chit. on Cont., 9 Am. Ed., 441) in respect to infants, married women, and other persons incompetent to contract; and we see no reason why the same doctrine does not apply to the case of a want of authority. In fact it appears to have been so applied in the case of a surety for a partnership, where the name of the firm was affixed to the note without authority.— *Stewart v. Behm,* 2 Watts (Pa.) 356; 3 U. S. Dig. 496, § 154." *Weare v. Sawyer, supra.*

Mr. Daniel states the law on the subject as follows:

"Where one signs a joint and several note with a married woman as surety, her plea of coverture will be no defense to him. So, if a corporation make a note

which is in excess of its legal power, a surety therein would nevertheless be bound. And the indorser of a note on which the maker's name is forged, or of which the maker is an infant or married woman, is liable thereon, because he guarantees the instrument in toto. And one who signs a note as principal, but is in reality a surety, and so known to the holder—signing after others whose names are forged upon the note, and while it is in the hands of the beneficiary—affirms the genuineness of the forged signatures, and cannot deny them unless the holder was privy to the fraud."—Neg. Instr. vol. 2, p. 332, § 1314.

The cases cited and relied upon by the appellant are not in point. They are either cases in which a fraud was practiced upon the surety, or cases involving contracts of guaranty. They were not suits on mere promissory notes, in the procuring of the maker's signature to which there was no fraud.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.