(104 So. 19)

JACKSON, Superintendent of Banks, v. LANCASTER. (5 Div. 894.)

(Supreme Court of Alabama. March 26, 1925. Rehearing Denied April 30, 1925.)

1. Bills and notes ☞226—Generally, indorsement by other than payee or holder must be supported by consideration.

Indorsement of note by one other than payee or holder, whether before or after delivery, must be supported by consideration, and, if it is subsequent to delivery, new consideration is necessary, unless made pursuant to prior agreement.

2. Bills and notes ☞226—Consideration supporting simple contract is sufficient to support indorsement.

In view of Code 1923, § 9053, any consideration which would support a simple contract is sufficient to support an indorsement.

3. Bills and notes ☞226—Indorsement may be for benefit of one not party to paper.

Indorsement of note may be for benefit of third person, who is not party to the paper.

4. Bills and notes ☞371—Party indorsing note for maker's accommodation became liable to subsequent transferee for value.

In view of Code 1923, § 9055, one indorsing note for accommodation of maker becomes liable to subsequent transferee for value before maturity, notwithstanding holder at time of taking note knew he was only an accommodation party.

5. Bills and notes ☞226—Frauds, statute of, ☞143(1)—One indorsing demand note after delivery to payee held entitled to plead want of consideration and statute of frauds.

In view of Negotiable Instruments Law, where defendant indorsed note payable on demand after its delivery to bank, as between defendant and bank and superintendent of banks bringing action on bank's behalf, bank was not innocent purchaser for value, promise to postpone payment of demand note not being consideration where note remained payable on demand, and defendant could plead want of consideration and the statute of frauds.

6. Appeal and error ☞1058(2)—No reversible error shown on rulings on admission of evidence, where party excepting afterwards had answers desired.

Where plaintiff reserved exceptions to rulings on admission of evidence, but afterwards had answers desired, no reversible error was shown.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Action on promissory note by A. E. Jackson, as Superintendent of Banks, for the use and benefit of the Merchants' Bank, against W. L. Lancaster. Judgment for defendant, and plaintiff appeals. Affirmed.

Steiner, Crum & Weil, of Montgomery, and Tate & Reneau, of Wetumpka, for appellant.

Consideration for an indorsement made after delivery is any consideration which would support a simple contract. 8 C. J. 250; Code 1923, §§ 9053, 9209; 44 L. R. A. (N. S.) 484; Jaffray v. Brown, 74 N. Y. 393; Hixon v. Hetherington, 57 Ala. 165; Christie' v. Durden, 205 Ala. 571, 88 So. 667; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763; Vogler v. Manson, 200 Ala. 351, 76 So. 117; Davies v. Simpson, 201 Ala. 616, 79 So. 48; First Nat. Bank v. Laughlin, 209 Ala. 349, 96 So. 206; Schimmel v. Cohen, 275 Pa. 117, 118 A. 735; Hunt v. Glassell, 47 Cal. App. 774, 191 P. 373; Bank v. Goeck, 295 Ill. 403, 129 N. E. 149. A payee can become a purchaser for value of a negotiable note. Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157. The statute of frauds does not apply to negotiable instruments. 1 Daniel on Neg. Inst. § 567; Code 1923, § 9089; 8 C. J. 84; Little v. People's Bank, 209 Ala. 620, 96 So. 763. Defendant is estopped from contending that the note was without consideration. Vallely v. Devaney (N. D.) 194 N. W. 903; Lyons v. Benney, 230 Pa. 117, 79 A. 250, 34 L. R. A. (N. S.) 105; Pauly v. O'Brien (C. C.) 69 F. 460; State ex rel. v. Hills, 94 Ohio St. 171, 113 N. E. 1045, L. R. A. 1917B, 684; Hurd v. Kelly, 78 N. Y. 588,.34 Am. Rep. 567; Best v. Thiel, 79 N. Y. 15; Bank v. Kirk, 216 Pa. 452, 65 A. 933; New England Fire Ins. Co. v. Haynes, 71 Vt. 306, 45 A. 221, 76 Am. S. R. 771; First Nat. Bank v. Davidson, 48 N. D. 944, 188 N. W. 194; Skordal v. Stanton, 89 Minn. 511, 95 N. W. 499; Niblack v. Farley, 286 Ill. 536, 122 N. E. 160; Arthur v. Brown, 91 S. C. 316, 74 S. E. 652; Kennedy v. Young, 136 La. 674, 67 So. 547, L. R. A. 1915D, 935.

Holley & Milner, of Wetumpka, for appellee.

The statute of frauds applies to this case. Hood v. Robbins & Smith, 98 Ala. 484, 13 So. 574. The indorsement was one of guaranty, and void unless supported by a consideration. 8 C. J. 83; Dilworth v. Holmes Co., 183 Ala. 608, 62 So. 812. The defendant is not estopped to defend for want of consideration. Tasker's Estate, 182 Pa. 122, 37 A. 924.

SAYRE, J. B. L. Gaddis, Jr., being president of the Merchants' Bank, lent to himself $12,500 of the funds of the bank, and gave to the bank his promissory note, payable on demand, and indorsed by John A. Gaddis and J. R. Gamble. Afterwards the superintendent of banks—plaintiff's predecessor in office—upon an examination of the affairs of the bank, demanded that the bank get additional security or call in the note. Gaddis, president of the bank, informed Lancaster of the situation, telling him that the superintendent of banks would be satisfied with his signature, whereupon Lancaster indorsed the note, and afterwards, was informed that his indorsement had satisfied the superintendent, and that the board of directors of the bank would carry the loan for a while' longer. There had been no agreement at the time of the execution of the original note that additional security would be furnished, nor did Lancaster receive anything directly for his indorsement. The consideration, if any there was,' moved to Gaddis or the bank, one or both. Some months later the bank suspended payment, and its affairs were taken over by the superintendent, who brought this action on the note. Defendant, appellee, pleaded in short by consent "no consideration" and "the statute of frauds." Plaintiff, appellant, contends that a consideration, was shown for defendant's indorsement, that the contract shown in evidence was not obnoxious to the statute of frauds, and, in any event, defendant is estopped to assert either defense.

[1-5] It is generally agreed that the indorsement of a note by one other than the payee or holder, whether before or after delivery, must be supported by a consideration, and that, if the indorsement is made subsequent to delivery, a new consideration is necessary, unless made pursuant to prior agreement. Any consideration which would support a simple contract, such as forbearance, extension of time, release of collateral, etc., will suffice. 8 C. J. p. 250, § 392; Code 1923, § 9053. And it may be for the benefit of a third person who is not a party to the paper. 8 C. J. p. 214, § 348. Appellee became an indorser for the accommodation of Gaddis, and would be · liable to a subsequent transferee for value before maturity, "notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Code 1923, § 9055. But, as between the original parties, that is, appellee and the bank, the latter being fully advised of all the circumstances attending the indorsement, the bank, in whose right plaintiff as a statutory receiver brings this action, cannot, according to the decision in Hood v. Robbins, 98 Ala. 484, 13 So. 574, be regarded as an innocent purchaser for value—this for the reason, as a reading of the reported facts in connection with the opinion will show, that the court considered that a promise to postpone payment of a demand note is of no avail as a consideration, if the form of the note remains unchanged, that is, it remains a note payable on demand. According to the adjudication just cited, the indorser in such case, when sued by the original payee, has two defenses open to him, viz.: Want of consideration, and the statute of frauds. As long as that case stands, appellant cannot recover on the facts as they now appear. For aught now in evidence, this case and that, in essential

respects, are as like as two peas in a pod, and the court, after consideration in conference, is of opinion that the Uniform Negotiable Instruments Law of 1909 (chapter 321 of the Code of 1923) has made no change in the law as between the original parties to an accommodation indorsement, and is unwilling that Hood v. Robbins should be overruled. We have seen no case to the contrary.

Appellant, for the argument only conceding everything else, contends—to quote the language of the headnote in State ex rel. Lattanner, Superintendent of Banks, v. Hills, 94 Ohio St. 171, 113 N. E. 1045, L. R. A. 1917B, 684, and note:

"Where a note is executed to a bank for the purpose of meeting the requirement of the state superintendent of banks that deficiency of the assets of said bank be made good, and for the purpose and with the result of enabling such bank to continue its business for some period during which debts are created and new, depositors acquired, neither the defense of want of consideration nor failure of consideration for such note is available in an action brought to recover thereon by the state superintendent of banks."

And it would follow that, if want or failure of consideration may not be successfully pleaded in such case, the statute of frauds would likewise be unavailable in defense. Vallely v. Devaney (N. D.) 194 N. W. 903; Lyons v. Benney, 230 Pa. 117, 79 A. 250, 34 L. R. A. (N. S.) 105, and note; Pauly v. O'Brien (C. C.) 69 F. 460; and other cases are cited. In some of them the estoppel for which appellant contends is based upon fraud in giving a false credit to the bank in order to deceive its depositors and creditors. It may be doubted that this view of the case was presented to the trial court, for it does not appear that any concerted effort was made to establish the facts upon which such contention must rest. Fraud apart, it is not perceived that the consideration for an indorsement such, for example, as is found in State v. Hills, supra, differs from that about which this court was concerned in Hood v. Robbins, supra. In all of them the court was considering an indorsement that affected the general credit of the bank, not a case in which a note for indorsement was given to protect the bank against loss on a particular obligation which did not materially affect its solvency or general credit. If it be conceded that the theory of estoppel shown by these cases, whether involving fraud or not, may be adopted by this court without overturning the principle of Hood v. Robbins, still the fact is that in this case the evidence failed to support either application of the doctrine. There was proof that some seven or eight months after the indorsement in question the bank failed, but that fact alone hardly sufficed to bring the case under the rule of the authorities cited by appellant. There was no evidence going to show that appellee was a party to any fraud that may have affected the conduct of Gaddis, nor was it shown that the bank was in such financial condition—of which appellee had notice— that the transaction would contribute materially to its solvency or general credit. In the circumstances thus appearing, it is considered best to defer the question raised by this last-noted contention to some occasion when the issues and the evidence may demand its decision.

[6] In two instances appellant reserved exceptions to rulings on the admission of evidence; but in both cases appellant afterwards had the answers desired, so that no reversible error is shown.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.