(136 So. 409)

**HOLCZSTEIN et al. v. BESSEMER TRUST & SAVINGS BANK.**

6 Div. 778.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 18, 1931.

Huey, Welch & Stone, of Bessemer, for appellants.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

BROWN, J.

This is an action by the appellee against the appellants on a promissory note.

The complaint consists of a single count, and, omitting the paragraph alleging waiver of exemption and claiming attorney's fee, is in the following words: "Plaintiff claims of the defendants $1,548.45 due by promissory note made by them on December 10, 1929, and payable the 11th day of February, 1930, with interest thereon from maturity at the rate of 8 per cent. per annum."

To this complaint the defendants filed the general issue, and seventeen special pleas. The trial court sustained a demurrer to twelve of said special pleas, leaving in the record five of such pleas, including plea 3, "That there was no consideration for the note sued on"; plea 6, which alleges that the note sued on is a renewal of a note which was endorsed by the defendant without consideration; pleas 8 and 9, fraud and deceit on the part of the plaintiff in procuring the execution of the original note by one of said defendants and the indorsement by the other, and alleging that the note sued on is a renewal of the original note, without any other or further consideration; and plea 15, "That the plaintiff cannot maintain this joint action against the defendants for that this defendant is a mere endorser of the note sued on and the obligation of the endorser and maker is several, and the obligation of each is dependent on different conditions."

Clearly pleas 4, 5, and 14 assert nothing more than that there was no consideration for the execution of the note, the defense asserted by pleas 3 and 6. Plea 7, a plea of confession and avoidance, was bad in that it confesses the execution of the note by the defendants as joint makers, as averred in the complaint, and seeks to impeach the law by imputing to the contract a meaning other than its legal meaning. That is, they say by this plea that though defendants executed the contract as joint makers, they are in fact indorsers, and not otherwise liable, because there was an understanding to that effect with the plaintiff not embodied in the contract.

It is familiar law that in the absence of fraud in procuring the signature to a writ-

ten contract by misrepresenting or concealing its contents, it cannot be impeached by proving a different contemporaneous agreement, or because the party signing was ignorant of its legal effect. If this were not the law, "contracts would not be worth the paper on which they are written." Georgia Home Insurance Co. v. Warten, 113 Ala. 479, 22 So. 288, 290, 59 Am. St. Rep. 129; Upton v. Tribilcock, 91 U. S. 50, 23 L. Ed. 203; Central of Georgia Ry. Co. v. Garner, 219 Ala. 441, 122 So. 429; Beck & Pauli Lithographing Co. v. Houppert & Worcester, 104 Ala. 503, 16 So. 522, 53 Am. St. Rep. 77; Little v. People's Bank of Mobile, 209 Ala. 620, 96 So. 763; Barbour v. Poncelor, 203 Ala. 386, 83 So. 130.

To state the proposition in another way, "If all contracts made in ignorance of the law were to be held invalid, there would be no certainty in business, and no security in titles. All rights of property would be endangered, and the most important encouragements for industry and enterprise would be taken away. It is indispensable, therefore, that the obligation of contracts should be maintained, unless there is some stronger reason for annulling them than a mere mistake of the law." 6 R. C. L. pp. 627, 628, 629, §§ 46 and 47.

The cases cited and relied upon by the appellants (Jackson, Supt. of Banks v. Lancaster, 213 Ala. 97, 104 So. 19; Hood v. Robbins & Smith, 98 Ala. 484, 13 So. 574; Zadek v. Forcheimer, 16 Ala. App. 347, 77 So. 941) do not sustain appellants' contention. In all of those cases the parties held not to be liable were indorsers on the face of the respective transactions, and they all indorsed after the paper had been executed and delivered by the maker and the delivery accepted.

▮ The defensive matters alleged in pleas 10, 11, and 13 were admissible in evidence under pleas 8 and 9. Plea 10 was also bad as a plea of recoupment in attempting to hold plaintiff liable for damages caused to defendant's reputation by defendant's own act—placing the signature on the note. Plea 13 shows that the note in suit was given in renewal after the maturity of the original obligation, and is subject to the construction that it was given in consideration of forbearance or extension of time for payment. Jackson, Supt. of Banks v. Lancaster, supra.

▮▮ The note in suit was executed December 19, 1929, and the defendants' plea 12 alleges that the defendant Holczstein was discharged in bankruptcy October 14, 1927. So construing the plea most strongly against the pleader, the note was executed in renewal of the indebtedness from which said defendant was discharged. This was a sufficient consideration for the renewal, and its legal effect was to remove the bar effected by the discharge in bankruptcy. Griel Bro. v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am. Rep. 733; Dearing v. Moffitt, 6 Ala. 776.

Plea 16 does not deny that defendant signed the note—in fact, confesses its execution—and seeks to impeach the law, by asserting that though defendants signed as makers, they are in fact only endorsers. It has all of the infirmities of plea 7, and was subject to the fifteenth ground of demurrer. Moreover, it was in substance and legal effect the same as plea 15.

▮ Although in the first instance the indorsement by the defendant McElhenney of the note of the defendant Holczstein was without consideration, yet if they renewed the obligation by giving a new note, for the purpose of renewing the indebtedness from which Holczstein was discharged in bankruptcy, or if in consideration of forbearance or extension of the time of payment of an indebtedness existing, granted to Holczstein, the defendant McElhenney joined Holczstein in the execution of the renewal note, the execution of the renewal note is not subject to the defense of no consideration; nor does it violate the statute of frauds. The consideration moving to Holczstein is sufficient to sustain the contract. Jackson, Supt. of Banks v. Lancaster, 213 Ala. 97, 104 So. 19, and authorities there cited.

Pleas 17, 18, and 19 were subject to all the vices inhering in pleas 7 and 16, and the demurrers thereto were sustained without error.

▮ While it is not permissible for the plaintiff to depart from the cause of action stated in the complaint, and by a replication to resort to a new cause of action, yet, when the cause of action is stated generally in the complaint, he may, if necessary, in a replication to a special plea, restate it more minutely. Herring, Farrell & Sherman v. Skaggs, 73 Ala. 446, 453; Louisville & Nashville Railroad Co. v. Walker, 128 Ala. 368, 30 So. 738. However, the matter more specifically stated must, in legal effect, either traverse the plea, or confess and avoid it. McNeill v. Atlantic Coast Line Ry. Co., 161 Ala. 319, 49 So. 797; Matthews v. Farrell, 140 Ala. 298, 37 So. 325.

▮ Therefore, while replication 3 was good as to pleas 6, 8, 9, and 15, in that it shows that the note was executed by the defendants as joint makers subsequent to the alleged fraud and in renewal of an obligation of one of them the matters therein alleged do not traverse or avoid the averments of plea 3, which are confessed by the replication and on the authorities above cited the demurrers should have been sustained to the replication in so far as it related to said plea 3.

▮ The plaintiff's replication to plea 12, which had been eliminated on demurrer, presented an immaterial issue and the court erred in overruling the demurrer to said replication.

The plaintiff's evidence tended to show that the defendants purchased from one Shearer a business in the city of Bessemer, the defendant Holczstein giving his notes and mortgage for the purchase price; that previous to said purchase the defendant McElhenney made arrangements with the plaintiff bank to take over the notes and mortgage given, with his indorsement, and thereafter payments were made and the obligation renewed. Before the note in suit was given, Holczstein went into bankruptcy and was discharged, and thereafter the defendants executed the note in suit as joint makers in renewal of the original indebtedness.

The evidence offered by the defendant tended to show that McElhenney was in no way interested in or connected with the purchase of the business from Shearer; that the purchase was made by Holczstein, and that he (McElhenney) at the request of the president of the plaintiff bank indorsed Holczstein's note and mortgage; that previous thereto said bank President, Ross, misrepresented to him the condition of said business, as affecting its solvency, and that he (McElhenney) would not incur any liability by such indorsement; that it was a mere matter of form to comply with the custom of the banking business; that after the defendant Holczstein had gone into bankruptcy and been discharged, said Ross threatened to sue on said original papers, or some former renewal; and that thereafter the defendant signed the note sued on, Ross representing to McElhenney that his signature was nothing more than an endorsement. The defendants' evidence further tends to show Shearer was indebted to the plaintiff, and that it held his paper, and that the result of the original transaction with Holczstein was to substitute Holczstein for Shearer, with McElhenney's signature as an accommodation indorser added.

The evidence does not sustain defendants' third plea—no consideration—and if it be conceded that the alleged fraud on the part of Ross was proved as alleged, and constituted a good defense in the first instance, the subsequent renewal of the note after knowledge of said fraud was a waiver of the defense.

So, also, the undisputed evidence disproves the defendants' plea 15, which is nothing more than the conclusion of the pleader unsustained by facts.

After due consideration, the judgment here is that on the issues as framed, the defendants were allowed to fully develop the facts, and the undisputed facts show that the defendants have no legal defense to the note in suit, and plaintiff was entitled to the affirmative charge. Therefore the errors heretofore noted, and any error committed in given or refused instructions to the jury, are clearly without injury. Terry Realty Co. v. Martin et al., 220 Ala. 282, 124 So. 901.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

BROWN, J.

The first question presented in appellants' application for rehearing relates to the sufficiency of their plea 7—a plea of confession and avoidance—which not only in legal effect confesses the averments of the complaint declaring against defendants as joint makers, but in terms alleges "while on the face of the note sued on this defendant signed said note, he did so as a mere indorser, and not otherwise, and with the understanding between him and the plaintiff that his liability on said obligation was not to be otherwise than that on the said original contract evidencing said indebtedness," the plea previously averring that on the original contract, of which the note sued on is a renewal, he was an accommodation indorser for the other defendant.

There is nothing in the averments of the complaint or the plea showing, or tending to show, that there is anything on the face of the note producing ambiguity in respect to the capacity in which the defendant signed. The contention is, notwithstanding there is no such ambiguity, and notwithstanding he is prima facie a joint maker, the law permits him to plead and prove that he is in fact a mere accommodation indorser. In support of this contention he cites Long v. Gwin, 188 Ala. 196, 66 So. 88; Hall v. First Bank of Crossville, 196 Ala. 627, 72 So. 171; Smith et al. v. Pitts, 167 Ala. 461, 52 So. 402; Jackson et al. v. Wood, 108 Ala. 209, 19 So. 312; Tennessee-Hermitage Nat. Bank v. Hagan et al., 218 Ala. 390, 119 So. 4; Carter et al. v. Long et al., 125 Ala. 280, 28 So. 74; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Branch Bank of State of Alabama at Mobile v. James & Darrington, 9 Ala. 949; Campbell v. Hughes, 155 Ala. 591, 47 So. 45; Summerhill et al. v. Tapp, 52 Ala. 227.

There are some well-established rules of law, sometimes treated as exceptions to the general rule, that the terms of written contracts cannot be varied or changed by extrinsic evidence showing a contemporaneous oral agreement between the parties, though in fact they do not impinge this general rule. A statement of some of them will demonstrate that the authorities relied upon by appellants are inapt to the question presented in this case:

(1) That "An irregular indorsement, such as appears when at the inception of a note, a person other than the payee writes his name upon its back, does not conclusively imply a contract of a particular nature; therefore, the nature of the instrument and the relation to it of the person so indorsing it, whether as maker, guarantor or indorser, may properly become the subject of inquiry involving the

situation and intention of the parties to be arrived at upon averment and proof." Carter v. Long Bros., 125 Ala. 280, 28 So. 74; Hawkins v. Shields, 100 Miss. 739, 57 So. 4, 4 A. L. R. 760.

Long v. Gwin, 188 Ala. 196, 66 So. 88, and Hall v. First Bank of Crossville, 196 Ala. 627, 72 So. 171, applied this rule, and are inapt as authorities to the question in hand.

(2) That one who signs with another as joint makers of a promissory note, when sued, may plead and prove in discharge of his liability that he is a surety in connection with any facts that release his liability, such as that the payee in the note has made a new contract with the principal debtor, upon valuable consideration, extending the time of payment, without the surety's consent and to which he is not a party. This was the rule applied in Branch Bank of State at Mobile v. James & Darrington, 9 Ala. 949; Summerhill et al. v. Tapp, 52 Ala. 227; Compton v. Smith, 120 Ala. 233, 25 So. 300; Smith et al. v. Pitts, 167 Ala. 461, 52 So. 402; Jackson et al. v. Wood, 108 Ala. 209, 19 So. 312; Campbell et al. v. Hughes, 155 Ala. 591, 47 So. 45; Tennessee-Hermitage Nat. Bank v. Hagan et al., 218 Ala. 390, 119 So. 4; Gibson v. Wallace, 147 Ala. 322, 41 So. 960. These cases, therefore, are likewise inapt as authority to sustain appellants' contention.

(3) Where it is doubtful from the face of the contract, whether it was intended to operate as the personal engagement of the party signing it or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction as between the original parties to the contract. This was the rule applied in Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904, and Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 So. 808. This rule is incorporated in the statute, section 9048 of the Code.

It is too clear to permit of question that no one of these so-called exceptions to the general rule, nor all of them combined, sustain appellants' contention that the joint maker of a note, unambiguous on its face, may plead and prove that he in fact signed the note as an indorser. The rule is well settled to the contrary. Young v. Perry, 187 Ala. 122, 65 So. 817, 52 L. R. A. (N. S.) 1146; Richmond Locomotive & Machine Works v. Moragne, 119 Ala. 80, 24 So. 834.

█ Nor is it permissible to vary the terms of a contract evidenced by a regular endorsement, as distinguished from an irregular endorsement, of such note. Day v. Thompson, 65 Ala. 269; Avery & Sons v. Miller, 86 Ala. 495, 6 So. 38.

In Day v. Thompson, supra, it was said: "The contract imported by the regular indorsement of a bill or note is of a fixed and definite character, and is interpreted by the law. It is legally incapable of explanation, contradiction, or modification, by parol evidence. This rule is founded on the soundest principles of reason and public policy, as well as on the weightiest authority. The reasons for its application to commercial paper are more cogent, if anything, than to other written contracts. In Tankersley v. Graham, 8 Ala. 251, the rule was declared by this court, in discussing its application to indorsements, to be too firmly established to be now unsettled, even if its correctness were doubted. There are cases which hold the contrary doctrine; but the weight of authority greatly preponderates against the admission of such evidence. * * * Some of the decisions relax the rule, also, in cases of irregular indorsements, as this court did in the case of Hullum v. The State Bank, 18 Ala. 805. * * * We are not willing to enlarge the scope of these exceptions. It would tend to destroy the growing value of commercial paper, and to impair a salutary rule of evidence, which was designed to correct the proverbial infirmities of human memory, and has done much to close the flood-gates against frauds and perjuries." Day v. Thompson, 65 Ala. 273, 274.

This has been the law of this court for almost a century, and no reason appears why it should now be departed from.

█ Plea 13, of which appellant says: "We have carefully examined plea 13, and no where in the same do we find anything that would warrant the construction that the renewal note was given in consideration of forbearance or extension of time for payment." The plea here is not pleaded by a single defendant, but by two defendants, and it avers the note in question was given in renewal of an original note "which was not paid when due, but has been renewed from time to time down to and including the note sued on." Therefore, construing the plea most strongly against the pleader, it does not exclude the inference or intendment that it was given in consideration of forbearance or in extension of the time for payment. Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95. Moreover, the plea shows that the original note was supported by a valuable consideration, to wit, the purchase price of a stock of goods, by the Highland Market, and that the defendants in this case indorsed the note given therefor.

In Cochran v. Perkins, 146 Ala. 689, 40 So. 351, there was but one defendant and both the original and renewal notes were alleged and shown to be without consideration.

In Alabama Nat. Bank v. Halsey, 109 Ala. 196, 19 So. 522; Nobles v. Bank of Eclectic, 217 Ala. 124, 115 So. 13; Armstrong v. Walker, 200 Ala. 364, 76 So. 280, the original notes were given in consummation of illegal contracts.

In King v. Perry Ins. & Trust Co., 57 Ala. 118; Eslava v. Crampton et al., 61 Ala. 507;

280

Masterson v. Grubbs, 70 Ala. 406, the defense was usury, and all of our cases hold that this defense is not affected by a renewal unless renewed after it reaches the hands of an innocent purchaser. McCormick et al. v. Fallier et al., ante, p. 80, 134 So. 471, where the authorities are reviewed.

Kelly's Heirs v. Allen, 34 Ala. 663, was a bill in equity to abate the purchase money for land on account of fraud. The bill conceded liability, and the question was whether or not the delivery and the giving of new notes, which were *without any new consideration,* justified the denial of relief.

Plaintiff's replication 3, setting up waiver of the defenses pleaded in defendant's pleas 8 and 9, was proven by the undisputed evidence.

The application for rehearing is without merit and will be overruled.

Overruled.

ANDERSON, O. J., and SAYRE and THOMAS, JJ., concur.