150 So. 807

### ADAMS v. VANZANDT.

#### 7 Div. 975.

Court of Appeals of Alabama.

June 30, 1933.

Rehearing Denied Sept. 12, 1933.

McCord & McCord and Hood & Murphree, all of Gadsden, for appellant.

Culli & Culli, of Gadsden, for appellee.

RICE, Judge.

This was a suit by appellee against appellant and two others—who do not appeal, but are brought before this court under and in pursuance to the terms of Code 1923, § 6143—based upon a promissory note, etc., signed by appellant, etc., and payable to appellee.

The note in question was duly offered in the evidence, and it appeared to be regular in all respects; was, apparently, duly signed as principal by appellant and her two co-makers. She does not deny signing same; admits her signature as and where it appears; admits everything necessary to corroborate the case made by appellee's testimony against her, which fully entitled appellee to recover, etc., except she says that, while her name is regularly and at the proper place affixed to the note as a comaker, she signed, in fact, but as a witness to the other signatures appended along with her own. A special plea was interposed by appellant apparently intending to set up this contention as a defense on her part to the suit. But said plea did not in fact set up said contention; that it did not do so is probably the reason appellee did not see fit to demur to said plea, because said contention—whether true or not—could not successfully be interposed as a defense to the action here. The plea as drawn and filed had no support in the evidence.

In the case of Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, 414, our Supreme Court used this language, applicable here, to wit: "It is familiar law that in the absence of fraud in procuring the signature to a written contract by misrepresenting or concealing its contents, it cannot be impeached by proving a different contemporaneous agreement, or because the party signing was ignorant of its legal effect. If this were not the law, 'contracts would not be worth the paper on which they are written.' "

There being no legal evidence contrary to the right, etc., of appellee to recover, it was proper for the court to give, as it did, the duly requested general affirmative charge, with hypothesis, etc., to find in her favor.

The judgment is affirmed.

Affirmed.